**Dr. Timothy HAYES & Ann Hayes, Appellees,**

v.

**DONOHUE DESIGNER KITCHEN, INC. & Patricia Donahue, Appellants**

Superior Court of Pennsylvania.

Feb. 28, 2003.

Josh J.T. Byrne, Philadelphia, for appellants.

Kevin K. Jr., Carton, King of Prussia, for appellee.

Before: JOHNSON, BENDER and KELLY, JJ.

BENDER, J.:

¶ 1 This is an appeal from a judgment entered in a contract dispute case after Appellants failed to appear for a scheduled arbitration hearing. Appellants raise three questions for our review, of which one asks whether it was proper, pursuant to Pa.R.C.P. 1303(b), to enter a judgment in favor of Appellees without any witnesses being sworn or evidence being offered? We vacate and remand.

¶ 2 The present action resulted from the alleged failure of Appellants to timely complete a renovation of Appellees' kitchen. The parties had executed a contract for the renovation work on July 11, 1998. Due to dissatisfaction with Appellants' discharge of its contractual obligations, Appellees filed an action in District Justice Court. Appellants failed to appear for that hearing, which resulted in the entry of a judgment in Appellees' favor. Appellants filed an appeal to the arbitration division and a hearing was scheduled for March 6, 2001.

¶ 3 On March 6, 2001, Appellants similarly failed to appear at the scheduled arbitration hearing. At Appellees' request, and pursuant to Pa.R.C.P. 1303(b), the case was taken to a judge of the Court of Common Pleas of Delaware County who, after conducting a transcribed ques-

tion and answer session with Appellees' counsel, entered a verdict in Appellees' favor in the amount of $18,847. An additional request for $2,500 in counsel fees was denied. Appellants filed a timely motion for post-trial relief, which was later denied. The present appeal followed.

¶ 4 To restate Appellants' first issue for purposes of relevancy and clarity, Appellants contend that the court erred in entering a verdict against it without conducting a non-jury trial as dictated by Pa.R.C.P. 1303(b). We must agree with this contention.

¶ 5 After Appellants failed to appear for the scheduled arbitration hearing, Appellees' attorney requested that the case proceed pursuant to § 1303(b). The case was then taken before the Honorable Charles B. Burr II, who conducted a proceeding that reads similar to a colloquy in criminal court. The representative of the Court Administrator's Office called the case, after which the court called the parties forward and the representative described the type of case it was, stating "We have a number, Your Honor, it is $21,347." N.T. Trial, March 6, 2001 at 4. Appellees' counsel then capsulized the basic facts underlying the action for the court after which the court then asked Appellees' attorney some questions relating to the case. When this exchange was completed, the court stated "I will enter judgment in the amount of $18,847." Id. at 8. After another brief exchange, the case was then concluded. Notably, the transcript does not reflect that any witnesses were called or sworn, nor was any documentary evidence authenticated and introduced, nor were stipulations entered as to material facts.

¶ 6 Pennsylvania Rule of Civil procedure 1303 reads:

Rule 1303. Hearing. Notice

(a)(1) The procedure for fixing the date, time and place of hearing before a board of arbitrators shall be prescribed by lo-

cal rule, provided that not less than thirty days' notice in writing shall be given to the parties or their attorneys of record.

(2) The local rule may provide that the written notice required by subdivision (a)(1) include the following statement: "This matter will be heard by a board of arbitrators at the time, date and place specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge."

NOTE: A party is present if the party or an attorney who has entered an appearance on behalf of the party attends the hearing.

(b) When the board is convened for hearing, if one or more parties is not ready the case shall proceed and the arbitrators shall make an award unless the court

(1) orders a continuance, or

(2) hears the matter if the notice of hearing contains the statement required by subdivision (a)(2) and all parties present consent.

¶ 7 The present case essentially requires us to interpret the term "hears the matter," as set forth in the rule. That is, it is necessary for us to determine whether Rule 1303 requires a formal, albeit *ex parte,* trial, or whether the rule allows the court to enter a verdict based upon the unsworn assertions of the parties and counsel then appearing.

¶ 8 In the normal protocol provided by the Rules of Civil Procedure, a case assigned to the arbitration division is heard by a board of arbitrators assigned pursuant to provisions of Pa.R.C.P. 1302. After a hearing on the matter, the board

renders a decision that is subject to "appeal." Pa.R.C.P. 1301–08. An appeal from the decision of the board of arbitrators is not in reality an "appeal." At least, not as that term is commonly understood in traditional legal parlance. The exercising of one's right to appeal from the decision of the arbitrators does not result in a review of the earlier held proceeding for alleged error, rather it results in a trial *de novo*. Pa.R.C.P. 1311. Of course, a trial *de novo* dictates that the matter be heard anew, that is, as if there had been no prior adjudication on the merits.[1] From a logical perspective, if the matter is *de novo*, it follows that the subsequent proceeding must, in fact, be a trial. Otherwise, the subsequent verdict would have no evidentiary support. In other words, the option to merely "affirm" the prior adjudication is not presented to the court.

¶ 9 The provisions of the Rules of Civil Procedure in question were inserted into Rule 1303 to deal with the circumstance where parties were routinely failing to appear for scheduled arbitration proceedings and merely electing to take an "appeal" to the Court of Common Pleas.[2] To alleviate the abuse of the arbitration process, the Rules Committee amended the rule to provide a fairly harsh penalty for failure to appear for a scheduled arbitration proceeding. The apparent goal of the amendment was to reduce the number of no-shows at arbitration and compel compliance with the procedure provided for in the rules. However, although the effect of the rule might be to create a circumstance where a party may win primarily by default of the other party, there is no indication that the rule was meant to circumvent

1. In *Commonwealth v. Krut*, 311 Pa.Super. 64, 457 A.2d 114, 116 (1983), we described a *de novo* trial thusly:

   because appellants have perfected their appeals to the Court of Common Pleas of Allegheny County, the cases have to be retried "as if the prior summary proceeding[s] had *not* occurred," that is, *de novo*. *Id*. at ftn. 3. (emphasis added); *see also, Commonwealth v. Moore*, 226 Pa.Super. 58, 312 A.2d 422, 426 (1973) (trial *de novo* means "that the defendant's case will in fact be tried in Common Pleas 'anew the same as if it had not been heard before and as if no decision had been previously rendered.' 2 Am.Jur.2d Admin.Law § 698 (1962)") (Spaeth, J., Dissenting and Concurring Opinion)."

   Quoting *Commonwealth v. Kyle*, 307 Pa.Super. 446, 453 A.2d 668 (1982).

2. A panel of this Court explained the motivation behind the rule changes in the case of *Pantoja v. Sprott*, 721 A.2d 382, 384–85 (Pa.Super.1998). We stated:

   The compulsory arbitration system was adopted in order to alleviate the enormous case load of our trial courts. However, because of the statutory right to appeal for a trial *de novo*, litigants traditionally have been able to manipulate the compulsory arbitration system to their advantage by refusing to appear or to put on evidence at the arbitration hearing and simply relying upon their right to appeal an adverse arbitration award and present their case anew at the trial court level. Indeed, by filing a case as a arbitration matter and then appealing the award, litigants and their attorneys were able "'to obtain a quicker trial listing than they could have received if they had filed under the category of Major Jury Trial.'" *Turay*, 687 A.2d at 821 (citing Trial Court Opinion); *see Rieser v. Glukowsky*[435 Pa.Super. 530, 530, 646 A.2d 1221]*supra* at 1225 n. 5[(1994)] ("this Rule and the case law allows (sic) parties to intentionally skip arbitration and proceed to a trial de novo."). [8] "Such abuses of the arbitration system impede the judiciary's ability to expeditiously dispose of pending litigation which is the overall objective of compulsory arbitration." *Hall v. Reeb*[382 Pa.Super. 452, 555 A.2d 926 (1989)] *supra*. Furthermore, allowing this manipulation to continue unjustly delays those cases in which litigants legitimately comply with the letter and spirit of compulsory arbitration. The Philadelphia policy was enacted to avoid these abuses by mandating litigants to present their cases at the arbitration level before exercising their right to appeal.

the requirement that a "trial" take place, and that a verdict rest upon competent evidence. Indeed, the Explanatory Comment states "If the court hears the matter, then the parties will have had their trial in the court of common pleas." Of course, the term "trial" connotes certain necessary prerequisites, such as the introduction of evidence and findings of fact(s) and/or conclusion(s) of law.[3] Another way to describe the affect of the new provisions to Rule 1303 is that it accelerates the time for conducting a *de novo* trial. Normally, the *de novo* trial would take place only after an appeal. Now, the *de novo* trial may be conducted immediately. However, other than this acceleration, and the fact that it will be an *ex parte* proceeding, there is no indication that the nature of the trial is to be otherwise affected. That is, there is no indication in Rule 1303 that the rules otherwise applicable to a trial in the Court of Common Pleas are to be suspended for a *de novo* trial held pursuant to Rule 1303(b)(2).

¶ 10 In the present case, the proceeding that took place cannot be said to have been a trial as no evidence was introduced. Indeed, although Appellants' challenge was more specifically directed at the procedure utilized by the court, had Appellants simply asserted that the verdict was unsupported by the evidence and that they was entitled to a judgment notwithstanding the verdict, the claim would have undeniable merit and leave the verdict subject to reversal.[4] Consequently, we must conclude that the judgment entered is void as being non-compliant with Pa.R.C.P. 1303(b). The case will be remanded to the arbitration division of the Court of Common Pleas of Delaware County for the scheduling of an arbitration hearing.[5]

¶ 11 Judgment vacated. Case remanded to the arbitration division for a new hearing. Jurisdiction relinquished.

---

**3.** Blacks Law Dictionary, (7th ed.1999) at 1510, defines "trial" as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding."

**4.** We express no opinion as to whether a motion for JNOV is indeed cognizable in such circumstances. Generally speaking, Pa. R.C.P. 227.1 requires a litigant to raise available grounds for relief at trial and *Ty–Button Tie, Inc. v. Kincel and Co., Ltd.*, 814 A.2d 685 (Pa.Super.2002), indicates that a party may not seek a JNOV in a post-trial motion without making the same or equivalent request at trial. Other, older, cases indicate that in order to preserve the right to request a JNOV post-trial a litigant must first request a binding charge to the jury or move for directed verdict at trial. *See*, e.g., *Broxie v. Household Finance Co.*, 472 Pa. 373, 372 A.2d 741 (1977), *Caldwell v. City of Philadelphia*, 358 Pa.Super. 406, 517 A.2d 1296 (1986) and *Frank v. Peckich*, 257 Pa.Super. 561, 391 A.2d 624 (1978). However, notably, these cases trace back to since repealed statutory provisions, namely 12 P.S. § 681. Whether the same requirement would be deemed applicable in an *ex parte* trial held pursuant to Pa. R.C.P. 1303(b) is a matter that has not yet been decided and must await another day.

**5.** We realize that some might argue that as Appellants missed the scheduled arbitration date without satisfactory excuse, they are not entitled to a new arbitration hearing. However, notably, no arbitration proceeding took place and no arbitration award was entered. Since we conclude that the judgment entered at the Court of Common Pleas level is void, we must restore the last remaining judgment, that of the District Justice hearing, and allow the proceedings to continue forward from that point. As Appellants filed an appeal to the arbitration division, in our opinion, the most appropriate remedy is to remand to the arbitration division for rescheduling of the arbitration hearing.