**Alvin PHILLIPS and Simone Phillips, H/W, Appellants**

v.

**James LOCK and George Krapf, Jr., and Sons, Inc., Appellees.**

Superior Court of Pennsylvania.

Submitted Dec. 9, 2013.

Filed Feb. 28, 2014.

Rhonda H. Wilson, Philadelphia, for appellants.

Joseph R. Fowler, Philadelphia, for appellees.

BEFORE: SHOGAN, J., OTT, J., and PLATT, J.*

OPINION BY PLATT, J.

Appellants, Alvin Phillips and Simone Phillips, husband and wife, appeal from the judgment entered on July 3, 2013. After thorough review, we affirm.

The facts of the case are as follows.

Stated simply, this case involved a collision on November 6, 2006 between a car, driven by [Appellant] Simone Phillips, and a bus, driven by [Appellee] James Lock. The bus was owned by[,] and Lock was employed by[,] Krapf's Coaches, Inc. ("Krapf Coaches"); Krapf Coaches was not named as defendant[, and Appellants instead named Appellee George Krapf, Jr., and Son's Inc. (Krapf and Sons), as a defendant.]

(Trial Court Opinion, 7/23/13, at 1). In its answer to the amended complaint, Appellees denied that Krapf and Sons owned the bus driven by Appellee Lock. (*See* Answer to Second Amended Complaint, 6/23/08, at 2 ¶ 6).

At his March 16, 2009 deposition, Appellee Lock testified that Krapf Coaches paid him and had different offices than Krapf and Sons. (*See* N.T. Lock Deposition, 3/16/09, at 14–15). During his September 2, 2009 deposition, Robert Morris, the CFO of Krapf and Sons, testified that Krapf Coaches and Krapf and Sons were separate and distinct corporations with different corporate officers and different businesses, with Krapf and Sons supplying school buses to customers and Krapf Coaches supplying motor coaches and minibuses. (*See* N.T. Morris Deposition, 9/02/09, at 5–6, 24–25). He also confirmed that Appellee Krapf Coaches employed Appellee Lock. (*See id.* at 8).

Vigorous pre-trial motions practice ensued until, on January 8, 2013, during jury selection, Appellants moved to amend their complaint to name Krapf Coaches and, in response, Appellees moved for a non-suit as to Krapf and Sons. The trial court denied Appellants' motion to amend and granted Appellees' motion, dismissing Krapf and Sons as a defendant.

The jury returned a verdict on January 16, 2013, finding that Appellee Lock was not negligent in the motor vehicle accident.

* Retired Senior Judge assigned to the Superior Court.

The trial court denied Appellants' motion for post-trial relief on May 16, 2013. Appellants timely filed [1] a notice of appeal. [2]

Appellants present five questions for our review:

I. Whether the trial court erred as a matter of law, abused its discretion and committed reversible error in dismissing a party Appellee and refusal [sic] to remove a non-suit[?]

II. Whether the trial court improperly denied amendment of the complaint[?]

III. Whether the trial court erred as a matter of law, abused its discretion and committed reversible error in excluding Appellant[s]' claims of negligence *per se* against Appellees[?]

IV. Whether the trial court erred, abused its discretion and committed reversible error in not granting Appellants' judgment notwithstanding the verdict[?]

V. Whether the trial court erred, abused its discretion and committed reversible error in excluding Appellants' evidence[?]

(Appellants' Brief, at 6). [3]

Appellants' first issue challenges the trial court's grant of Appellees' motion for a non-suit and dismissal of defendant Krapf and Sons. (*See* Appellants' Brief, at 14–16). Appellants' issue lacks merit.

■ Preliminarily, we agree with Appellants that "[w]here a court enters a nonsuit prior to trial, the action would be [consid-ered] either a [grant of] summary judgment or judgment on the pleadings[,]" not of non-suit. (*See id.* at 14 (citing *Gallagher v. Harleysville Mut. Ins. Co.*, 421 Pa.Super. 192, 617 A.2d 790 (1992), *appeal denied*, 535 Pa. 620, 629 A.2d 1381 (1993))).

■ Accordingly, because Appellees moved for the dismissal of Krapf and Sons on the basis of the record, (*see* N.T. Trial, 1/15/13, at 15 (Appellees' counsel arguing that "[t]here is no evidence on the record whatsoever that Mr. Lock was an employee of [Krapf and Sons]")), we will treat the trial court's dismissal of Krapf and Sons as the grant of summary judgment. *See Gallagher, supra* at 796. Our standard of review of the grant of a motion for summary judgment is well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

---

1. Appellants filed their notice of appeal prior to the final judgment's entry. However, because judgment has since been entered, we will address the merits of Appellants' issues. *See Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 441 Pa.Super. 281, 657 A.2d 511, 515 (1995) (addressing appellants' claims where judgment entered after filing of notice of appeal).

2. Appellants filed a timely statement of errors complained of on June 26, 2013, and the court filed an opinion on July 23, 2013. *See* Pa.R.A.P. 1925.

3. The argument section of Appellants' brief addresses their fourth and fifth issues in reverse order. (*See* Appellants' Brief, at 6, 21–30). However, we will address Appellants' claims in the order presented in the statement of questions involved. (*See id.* at 6).

*Hogg Const., Inc. v. Yorktowne Med. Ctr., L.P.,* 78 A.3d 1152, 1154 (Pa.Super.2013) (citation omitted).

Here, Appellants asserted claims against Krapf and Sons for negligent entrustment and "based upon the principle of *responde[a]t superior* in that [Appellee] James Lock was the agent, workman, employee or servant of [Appellee Krapf and Sons]." (Second Amended Complaint, 5/27/08, at 6 ¶ 23; *see also id.* at 7 ¶ 24).

We have long-held that: "Under the doctrine of *respondeat superior* recovery is sought on the basis of vicarious liability. An employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment." *Brezenski v. World Truck Transfer, Inc.,* 755 A.2d 36, 39 (Pa.Super.2000) (citation omitted).

 Under the theory of negligent entrustment:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.
>
> ... However, our cases do require that the entrustee be causally negligent before the entrustor may be held liable through negligent entrustment.

*Christiansen v. Silfies,* 446 Pa.Super. 464, 667 A.2d 396, 400 (1995), *appeal denied,* 546 Pa. 674, 686 A.2d 1307 (1996) (citing Restatement (Second) of Torts § 308).

 In this case, the record established that, on June 23, 2008, in their answer to Appellants' complaint, Appellees denied that Krapf and Sons owned the vehicle driven by Lock on the day of the subject accident. (*See* Answer and New Matter, 6/23/08, at 2 ¶ 6). Indeed, at his deposition, Lock testified that Krapf Coaches, not Krapf and Sons, paid him. (*See* N.T. Lock Deposition, 3/16/09, at 13). He further stated that Krapf Coaches is not located at the address where Appellants served Krapf and Sons. (*See id.* at 14 (identifying Krapf Coaches' address as 1030 Andrew Drive, West Chester, PA; Complaint, 5/27/08, at 1 ¶ 4 (identifying Krapf and Sons' address as 495 Thomas Jones Way, Suite 300, Exton, PA 19341))).

Also, on September 2, 2009, Appellants deposed Robert Morris, chief financial officer (CFO) of Krapf and Sons. (*See* N.T. Morris Deposition, 9/02/09, at 4). Mr. Morris testified that Krapf Coaches and Krapf and Sons were separate and distinct corporations with different corporate officers. (*See id.* at 5–6). He also explained that the corporations engaged in different businesses, with Krapf Coaches operating motor coaches and minibuses and Krapf and Sons operating school buses. (*See id.* at 24–25). Mr. Morris confirmed that Mr. Lock was employed by Krapf Coaches, not Krapf and Sons. (*See id.* at 8).

Indeed, when Appellees moved to dismiss Krapf and Sons, Appellants failed to identify any evidence of record creating liability on behalf of Krapf and Sons. (*See* N.T. Argument, 1/08/13, 15–16). Instead, they made a procedural argument against the dismissal Krapf and Sons on the morning of trial. (*See id.*). Accordingly, where the record establishes that Krapf and Sons was not Mr. Lock's employer and did not entrust the vehicle that he was operating at the time of the accident to him, we conclude that the trial court did not commit an abuse of discretion or error of law in dismissing Krapf and Sons as a defendant in this matter. *See Hogg Const., supra* at 1154.

Neither are we persuaded by Appellants' argument that the trial court erred in dismissing Krapf and Sons because it did so on the morning of trial. (*See* Appellants' Brief, at 14–15). Other than citing authority for conclusory statements in support of their argument, Appellants fail to engage in pertinent discussion, contrary to Pennsylvania Rule of Civil Procedure 2119(a). *See* Pa.R.A.P. 2119(a) (mandating that appellant shall provide pertinent discussion and citations to authority); (*see also* Appellants' Brief, at 14–16). Appellants also fail to provide precise citations identifying on which page this Court can find the legal principles for which they cite the cases. *See* Pa.R.A.P. 2119(b) ("Quotations from authorities ... shall also set forth the pages from which they are taken."); (*see also* Appellants' Brief, at 14–16).

Additionally, the cases on which Appellants rely are distinguishable from the case before us. For example, Appellants argue that the Pennsylvania Supreme Court, in *Cagnoli v. Bonnell,* 531 Pa. 199, 611 A.2d 1194 (1992), "reversed a similar dismissal by the trial court in that case." (*Id.* at 14). This allegation lacks merit, because, in that negligence action, immediately before trial, the appellees moved for admissions or to dismiss for the appellant's procedural failure to respond to their new matter. *See Cagnoli, supra* at 1195. This is distinguishable from the case at bar where Appellees moved to dismiss, not based on the pleadings, but instead on the undisputed evidence of record. (*See* N.T. Argument, 1/08/13, at 15 ("There is no evidence on the record whatsoever that Mr. Lock was an employee of [Krapf and Sons]. And, in fact, he is an employee of Krapf Coaches[.]")).

Appellants also rely on *DiGregorio v. Keystone Health Plan East,* 840 A.2d 361 (Pa.Super.2003) (*en banc*), in support of their argument that, "[u]nless the trial

court has the benefit of a fully-developed record and the non-moving party has had a full opportunity to respond, the trial court should not entertain a motion for summary judgment on the day of trial." (Appellants' Brief, at 15 (citing *DiGregorio, supra* at 361)).

In *DiGregorio,* this Court examined the coordinate jurisdiction rule. *See DiGregorio, supra* at 361. There, the appellees moved to dismiss the complaint on the basis that the appellants lacked a viable cause of action. *See id.* at 364. The pretrial motions court denied the motion without a hearing or any further discussion. *See id.* On the morning of trial, the appellees again raised the motion to dismiss issue and a second court, namely the trial court, granted the appellees' motion based on the record. *See id.* at 365. The appellants appealed, arguing that the coordinate jurisdiction rule precluded the trial court from granting a motion to dismiss where the pre-trial court had denied such a motion. *See id.* In considering the appeal, this Court observed:

By granting an oral motion for summary judgment on the morning of trial, the trial court denied Appellants the opportunity to preserve their issues in a written response filed pursuant to Pa. R.C.P. 1035.5. Although a trial court may grant summary judgment without providing an opportunity to file a responsive brief if the record supports the determination and there is no prejudice to the opposing party, instantly, the trial court's unusual disposition prejudiced [a]ppellants by denying them the opportunity to preserve the legal argument [about the coordinate jurisdiction rule] they now seek to advance on appeal.

*Id.* at 367 (citation omitted).

 Here, however, Appellants identify no such prejudice because they do not seek to advance any argument about the motion

to dismiss that they were precluded from advancing in the trial court. (*See* Appellants' Brief, at 14–16). In fact, Appellants' counsel offered the same arguments to the trial court that they advance here. (*See id.; see also* N.T. Argument, 1/08/13, at 15–16 (arguing that the motion to dismiss should be treated as a motion for summary judgment or motion for judgment on the pleadings and that it should not be granted on morning of trial)). Therefore, we conclude that *DiGregorio* does not apply to the facts presented by this case. Appellants' first issue fails.[4]

In their second issue, Appellants argue that the trial court improperly denied their motion to amend the complaint "to properly name the Appellees' [sic] employer." (Appellants' Brief, at 16). Specifically, Appellants claim that "[t]he parties substitution here was for all practical purposes substitution of a division of the same legal entity." (*Id.* at 17). This issue lacks merit.

■ Our standard of review of Appellants' claim is well-settled.

The decision of the trial [c]ourt to deny a motion to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion. It is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, it was charged with the duty imposed on the trial court below.

*TCPF Ltd. P'ship v. Skatell,* 976 A.2d 571, 574 (Pa.Super.2009) (citations and quotation marks omitted).

■ Pursuant to Pennsylvania Rule of Civil Procedure 1033, "[a] party, either by filed consent of the adverse party or by leave of the court, may at any time change the form of action, correct the name of a party or amend the pleading." Pa.R.C.P. 1033. However "[a] plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired." *Kincy v. Petro,* 606 Pa. 524, 2 A.3d 490, 497 (2010) (citation omitted); *see also Tork–Hiis v. Commonwealth,* 558 Pa. 170, 735 A.2d 1256, 1259 (1999) (concluding that a suit against the Commonwealth could not be amended to substitute a Commonwealth agency or employee after the statute of limitations had expired).

[T]he question to be resolved is whether the proposed amendment merely corrects a party name or adds a new party to the litigation. If an amendment constitutes a simple correcting of the name of a party, it should be allowed, but if the amendment in effect adds a new party, it should be prohibited.

*Jacob's Air Conditioning & Heating v. Associated Heating & Air Conditioning,* 366 Pa.Super. 430, 531 A.2d 494, 496 (1987) (citations omitted).

■ In the case *sub judice,* Appellants sought to add Krapf Coaches as a defendant on the morning of trial, after the statute of limitations had expired, although they had known since at least March 16, 2009 that Krapf Coaches employed Appel-

---

4. After properly asserting that this motion should be treated as a motion to dismiss, Appellants attempt to argue that the trial court was precluded from entering a non-suit based on Rule of Civil Procedure 230.1. (*See* Appellants' Brief, at 15–16); *see also* Pa. R.C.P. 230.1. However, not only does the cited rule apply to motions for *non pros* entered at the close of a plaintiff's case, as noted above and by Appellants themselves, a motion for *non pros* granted before a case proceeds to trial more properly is considered a motion for summary judgment or motion for judgment on the pleadings. (*See* Appellants' Brief, at 14).

lee Lock and, by September 2, 2009, that the Krapf and Sons was a separate and distinct entity. (*See* N.T. Argument, 1/08/13, at 1; *see also* N.T. Lock Deposition, 3/16/08, at 13–14; N.T. Morris Deposition, 9/002/09, at 4–6, 8, 24–25). Accordingly, Appellants' argument that adding Krapf Coaches as a defendant merely is "a substitution of a division of the same legal entity" is belied by the record. (Appellants' Brief, at 17).

Also, despite Appellants' argument to the contrary, (*see id.* at 16–17), this case does not present a situation like the one in *Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963). In *Powell*, the plaintiff identified the defendant as a partnership, later learned it was a corporation, and the trial court permitted the correction of this designation because "the proposed amendment merely seeks to correct the designation of that business entity," which already was a party. *Powell, supra* at 865. Here, Appellants sought to add a wholly new, separate, and distinct business entity.[5]

Therefore, we conclude that the trial court did not abuse its discretion in denying Appellants' motion to substitute a new and distinct party defendant on the morning of trial after the statute of limitations had run. *See TCPF, Ltd., supra* at 574.[6] Appellants' second issue does not merit relief.[7]

█ In their third issue, Appellants claim that the trial court erred in declining to give their proposed jury charge regarding negligence *per se* based on Appellee's violation of sections 3310 and 3361 of the Vehicle Code. (*See* Appellants' Brief, at 19); *see also* 75 Pa.C.S.A. §§ 3310, 3361. Appellants' issue lacks merit.

█ Our standard of review is well-settled:

> Under Pennsylvania law, our standard of review when considering the adequacy of jury instructions in a civil case is to determine whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. It is only when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue that error in a charge will be

---

5. Appellants also cite to *Wicker v. Esposito*, 500 Pa. 457, 457 A.2d 1260 (1983), in support of this issue. (*See* Appellants' Brief, at 16). However, the *Wicker* Court only issued a *per curiam* order affirming an unpublished memorandum in which it stated that "the permission of amendment in this case does not constitute the substituting of another and distinct party after the statute of limitations has run." *Wicker, supra* at 1260. The Pennsylvania Supreme Court did not discuss any of the underlying facts of the case and Appellants fail to demonstrate how this general principle is applicable to this matter. (*See* Appellants' Brief, at 16).

6. Moreover, Appellants' argument that Krapf Coaches would not be "prejudiced in any way" by the late amendment after the statute of limitations had run is not persuasive. (Appellants' Brief, at 17). The proposed new defendant would have been prejudiced by being named a defendant after the statute of limitations had run, discovery had concluded, and trial was about to begin that day, all without ever having been served. Appellants' argument to the contrary is frivolous.

7. We observe that, even if the trial court had improperly denied Appellants' motion to amend the complaint to add Lock's employer, Krapf Coaches, we would conclude that this was harmless error. *See McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 651 (Pa.Super.2013) ("To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.") (citation omitted). Here, Appellants were not prejudiced by the trial court's decision because the jury found that Lock was not negligent and, therefore, no liability would have attached to Krapf Coaches, even if it had been a named defendant. (*See* N.T. Trial, 1/16/13, at 106).

found to be a sufficient basis for the award of a new trial.

Further, a trial judge has wide latitude in his or her choice of language when charging a jury, provided always that the court fully and adequately conveys the applicable law.

*Smith v. Morrison,* 47 A.3d 131, 134–35 (Pa.Super.2012), *appeal denied,* 618 Pa. 690, 57 A.3d 71 (2012) (citations and quotation marks omitted).

Section 3310 of the Vehicle Code, following too closely, provides, in pertinent part: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway." 75 Pa.C.S.A. § 3310(a). Section 3361, driving vehicle at safe speed, states:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or

by reason of weather or highway conditions.

75 Pa.C.S.A. § 3361.

Here, Appellants provided the trial court with suggested civil jury instruction 13.80, negligence *per se*—violation of statute.[8] (*See* Appellants' Suggested Points for Charge, 12/31/12, at 55). However, the trial court declined Appellants' suggestion, instead advising counsel that it would compromise and instruct the jury on the assured clear distance rule. (*See* N.T. Trial, 1/15/13, at 165–69). At trial, after instructing the jury about negligence, the trial court provided the jury with the following instruction:

Now, the Pennsylvania Vehicle Code provides that no person shall drive at a speed greater than permitted to bring his vehicle to a stop within the assured clear distance ahead. This rule requires that a driver keep his vehicle under such control that he can always stop within a distance he can clearly see, a distance that will vary according to the visibility at the time and other circumstances.

Therefore, it requires a driver to have control such that he can bring his vehicle to a stop and avoid obstructions that fall within his or her vision. Now no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual potential hazards then existing. Nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

8. Specifically, the suggested charge reads:
 A state law in effect at the time this harm occurred, provided in part: *[here quote relevant statutory provision].* This state law dictates the duty of care required of someone in the same situation as [Appellee Lock]. If you find that there was a violation of this state law, you must find [Appellee Lock] negligent as a matter of law. However, before you answer the question of [Appellee Lock's liability], you must decide whether this negligence was a factual cause of [Appellant Simone Phillips'] injury.
 (Appellants' Suggested Points for Charge, at 55 (citing Pa. S.S.J.I. (Civ.) 13.80)).

(N.T. Trial, 1/16/13, at 85–86; *see also id.* at 84–85).[9]

This jury instruction more than adequately instructed the jury about the law, as related to sections 3110(a) and 3361 of the Vehicle Code. *See* 75 Pa.C.S.A. §§ 3310(a), 3361.[10] Accordingly, viewing the jury instructions as a whole, we conclude that the trial court did not commit a clear abuse of discretion or error of law where it did not mislead or confuse the jury about the law. *See Smith, supra* at 134–35. Appellants' third issue lacks merit.

In their fourth issue, Appellants argue that the trial court erred in denying their motion for judgment notwithstanding the verdict (JNOV) or for a new trial on the basis that the verdict was against the weight of the evidence. (*See* Appellants' Brief, at 28, 29). This issue is waived and would not merit relief.

■ Post-trial relief may not be granted unless the grounds therefore, if available, were raised by an appropriate method at trial. *See* Pa.R.C.P. 227.1(b)(1). "While the opportunity to move for JNOV typically is preserved by the filing of a motion for a directed verdict … the right to seek JNOV likewise is preserved if the moving party requests and is denied a binding jury instruction." *Thomas Jefferson University v. Wapner*, 903 A.2d 565, 570 (Pa.Super.2006) (citing Pa.R.C.P. 227.1(b)(1) and *Hayes v. Donohue Design-*

*er Kitchen, Inc.*, 818 A.2d 1287, 1291 n. 4 (Pa.Super.2003)).

■ Here, Appellants concede that they did not request a binding instruction. (*See* Appellants' Brief, at 28). Additionally, they fail to claim, and our review of the record does not reveal, that they moved for a directed verdict at the close of the evidence. *See* Pa.R.C.P. 226(b); (*see also* N.T. Trial, 1/15/13, at 143). Accordingly, the trial court properly found that Appellants waived their post-trial motion for a JNOV. (*See* Trial Ct. Op., at 2); *see also Thomas Jefferson University, supra* at 570.

■ Additionally, regarding Appellants' weight of the evidence challenge, we observe that in their post-trial motion, they appear to confuse sufficiency and weight of the evidence in that they titled their issue as a sufficiency challenge, but then argued that the jury verdict was "against the weight of the evidence." (Post–Trial Motion, 1/25/13, at 20). Also, a review of their post-trial brief reveals that they did not expressly argue that they were entitled to a new trial, but they summarily sought one on the basis of the trial court's evidentiary rulings, not because the jury verdict was against the weight of the evidence. (*See* Memorandum in Support of Post–Trial Motion, 1/23/13, at 3–17). Therefore, the weight of the evidence argument is waived. *See In re Estate of*

---

9. Appellants did not object to the charge as given. (*See* N.T. Trial, 1/16/13, at 86). However, "[a]n exception to the trial court's refusal to charge the jury as requested is sufficient to preserve the issue for appeal even if there is no specific objection to the charge at trial." *Caldwell v. City of Philadelphia*, 358 Pa.Super. 406, 517 A.2d 1296 (1986), *appeal denied*, 517 Pa. 597, 535 A.2d 1056 (1987) (citations omitted). Therefore, we conclude that this issue is not waived.

10. We also note that The Pennsylvania Supreme Court has stated "[s]ince [section 3361] essentially sets forth a reasonable man standard, it would be impracticable to base a finding of negligence *per se* upon this provision." *Shamnoski v. PG Energy, Div. of Southern Union Co.*, 579 Pa. 652, 858 A.2d 589, 601 (2004). It appears that the same reasoning should be applied to the language of section 3310(a) because "[w]hat constitutes reasonable and prudent is unspecified." *Id.; see also* 75 Pa.C.S.A. § 3310(a).

*Smaling,* 80 A.3d 485, 490–91 (Pa.Super.2013) (*en banc*).

Moreover, Appellants' fourth issue challenging the denial of a JNOV or a new trial would not merit relief. (*See* Appellants' Brief, at 28, 29).

 Our standard of review of the denial of a JNOV is well-settled:

Appellate review of a denial of JNOV is quite narrow. We may reverse only in the event the trial court abused its discretion or committed an error of law that controlled the outcome of the case. Abuse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill-will.

When reviewing an appeal from the denial of a request for [JNOV], the appellate court must view the evidence in the light most favorable to the verdict[-]winner and give him or her the benefit of every reasonable inference arising therefrom while rejecting all unfavorable testimony and inferences.... Thus, the grant of a judgment n.o.v. should only be entered in a clear case and any doubts must be resolved in favor of the verdict[-]winner. Furthermore, [i]t is only when either the movant is entitled to judgment as a matter of law or the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant that an appellate court may vacate a jury's finding.

*Empire Trucking Co. v. Reading Anthracite Coal Co.,* 71 A.3d 923, 932 (Pa.Super.2013) (citations and quotation marks omitted).

 Similarly, our standard of review of weight of the evidence · claims is equally well-established:

[a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Accordingly, there is a general rule barring appellate review of weight claims in the first instance. As such, where an appellant fails to raise a weight claim before the trial court, thus preventing it from addressing the claim from the vantage point of having presided over the trial, the claim is unreviewable on appeal.

*Smaling, supra* at 490–91 (citations omitted).

 Here, the trial court addressed both the JNOV and the motion for a new trial and found:

[i]t was up to the jury to determine whether Lock had acted reasonably in the operation of his vehicle at the time of the collision.... Ms. Phillips' testimony was that she brought her vehicle to a stop within one car length and a second or two from the moment she first saw brake lights ahead of her; from her testimony the jury could have reasonably inferred that she made a quick and sudden stop. (*See* N.T. Trial, 1/11/13, at 74; N.T. Trial, 1/14/13, at 16–17)[.] The

jury was entitled to find from Ms. Phillips' testimony that such a sudden stop would have materially affected the stopping distance of Lock's vehicle, traveling behind her. Lock testified that he yawned very briefly, about a second, and took his eyes from [Appellant Simone Phillips'] vehicle; however Lock was able to bring his vehicle to a stop within only the most minimal of contact to [Appellant's] vehicle. (*See* N.T. Trial, 1/09/1[3], at 74–75)[.] The jury was entitled to conclude from this that Lock had not been unreasonable in the operation of his vehicle.

(Trial Ct. Op., at 2 (record citation formatting provided)).

We agree with the reasoning of the trial court and will not re-weigh the evidence. *See Smaling, supra* at 490–91. Accordingly, based on the foregoing and our own independent review of the record, we conclude that the trial court did not abuse its discretion or commit an error of law when it found that Appellants were not entitled to a JNOV or a new trial on the basis of the weight of the evidence. *See id.; Empire Trucking Co., supra* at 932. Therefore, even if Appellants had not waived their fourth issue, it would not merit relief.

In their fifth issue, Appellants challenge three different evidentiary decisions by the trial court under the general argument that "the court erred in excluding evidence that would have supported Appellant[s'] claims." (Appellants' Brief, at 21). This issue lacks merit.

■ Our standard of review of a trial court's decision to admit or exclude evidence is well-settled:

When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misap-

plication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party.

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Stumpf v. Nye,* 950 A.2d 1032, 1035–36 (Pa.Super.2008), *appeal denied,* 599 Pa. 711, 962 A.2d 1198 (2008) (citation and quotation marks omitted).

■ Preliminarily, we observe that:

[i]f an appellant has properly preserved an issue for appellate review, the appellant must include in his or her brief a "statement of the case" including a "statement of place of raising or preservation of issues." Pa.R.A.P. 2117(c). This information must also be referenced in the argument portion of the appellate brief. Pa.R.A.P. 2119(e).

*Commonwealth v. Baker,* 963 A.2d 495, 502 n. 5 (Pa.Super.2008), *appeal denied,* 606 Pa. 644, 992 A.2d 885 (2010). Further, "it is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review." *Id.* at 502 n. 6 (citations omitted).

■ In this case, neither Appellants' statement of the case nor the argument section of their brief contains a specific "statement of place of raising or preservation of [his fifth] issue[, including the specific evidentiary challenges contained therein]" and it is not this Court's responsibility to scour the voluminous certified record, or the 2,351 page reproduced record, to prove that Appellants preserved their claims. Pa.R.A.P. 2117(c); *see Bak-*

*er, supra* at 502 n. 5, n. 6; (Appellants' Brief, at 21–26).[11] Accordingly, Appellants' fifth issue is waived on this basis. *See Baker, supra* at 502 n. 5, n. 6. Moreover, to the extent that we can review Appellants' issue, it would not merit relief.

Appellants first argue that the trial court erred in excluding, on the basis of hearsay, a police report that contained Appellant Simone Phillips' statements at the accident scene. (*See* Appellants' Brief, at 21–22). Specifically, they argue the report was admissible pursuant to Pennsylvania Rule of Evidence 803(8) and under the official records exception to the hearsay rule found at 42 Pa.C.S.A. § 6104(a), (b). We disagree.

 First, we observe that Appellants did not raise any argument regarding Rule 803(8) or 42 Pa.C.S.A. § 6104 in their post-trial motion. (*See* Post–Trial Motion, 3/25/13, at 13–14) (arguing physician expert, Dr. Perry Black's, testimony about Appellant Simone Phillips' condition after accident as evidenced by statements recorded in police report admissible on the basis of Rules of Evidence 702–705, 803(4) and (5)). Therefore, this argument is waived on this basis as well. *See Beckner v. Copeland Corp.,* 785 A.2d 1003, 1006 (Pa.Super.2001), *appeal denied,* 213 Conn. 548, 569 A.2d 518 (2002) ("Grounds not specified in a post-trial motion are deemed waived.") (citation omitted). Moreover, it would not merit relief.[12]

 Section 3751 of the Vehicle Code specifically provides that a police report "shall not be admissible as evidence in any action for damages ... arising out of a motor vehicle accident." 75 Pa.C.S.A. § 3751(b)(4). Additionally, "[a] police report prepared by an officer who is not a witness to the accident is inadmissible hearsay evidence and should not be admitted into evidence. Nor should a party be able to get such a report into evidence in an indirect manner." *Rox Coal Co. v. WCAB (Snizaski),* 570 Pa.60, 807 A.2d 906, 914 (2002) (citations omitted).

Here, the author of the subject police report, Officer Roy Larue, arrived at the scene after the accident had occurred. (*See* Police Accident Report, 11/06/06, at 2 (noting that officer dispatched to scene where motor vehicle accident had occurred)). Accordingly, because the officer did not witness the accident, the trial court did not abuse its discretion when it precluded the police officer's report as inadmissible hearsay. *See* 75 Pa.C.S.A. § 3751(b)(4); *see also Stumpf, supra* at 1035–36. This argument would lack merit.

Appellants next claim that another physician expert, Dr. Sara Marks Tabby, should have been permitted to testify to "records reviewed from the Social Security Administration Disability Award record and from the disability provider MetLife." (Appellants' Brief, at 23). This argument would lack merit.

On December 28, 2012, Appellees moved to preclude evidence relating to Appellant Simone Phillips' disability on the bases that she received a disability award on December 15, 2008 for a C7 radiculopathy and trigeminal neuralgia, that the report

---

11. Additionally, the statement of the case does not include "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found." Pa.R.A.P. 2117(a)(4); (*see* Appellants' Brief, at 7–11).

12. Pennsylvania has not adopted Federal Rule of Evidence 803(8). *See* Pa.R.E. 803(8), comment. Accordingly, we will confine our discussion to section 3751(b)(4) of the Vehicle Code. *See* 75 Pa.C.S.A. § 3751(b)(4).

did not reference this motor vehicle accident, and that the decision determined Appellant Simone Phillips' first date of disability was over nine months after the accident (August 9, 2007) and resulted from symptoms that had "developed suddenly the night before." (Appellees' Motion *In Limine* to Preclude Evidence of [Appellant Simone Phillips'] Social Security Disability Award and Status, 12/28/12, at 2; *id.* at Exhibit B, at 3; *see also* Exhibit B, at 3–6). The trial court granted the motion *in limine.*

Appellants argue that the trial court erred in granting Appellees' motion and precluding the Social Security Disability Award information because it was admissible under Pennsylvania Rules of Evidence 803(3) and (4). (*See* Appellants' Brief, at 24). We disagree.

Pennsylvania Rule of Evidence 803 provides, in pertinent part:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

\* \* \*

(3) **Then–Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's then-existing state of mind (such as motive, intent or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

(4) **Statement Made for Medical Diagnosis or Treatment.** A statement that:

(A) is made for—and is reasonably pertinent to—medical treatment or diagnosis in contemplation of treatment[.]

Pa.R.E. 803(3), (4).

▮ Turning first to the exception found at Rule 803(3), we observe that the

subject motor vehicle accident occurred on November 6, 2006. On December 15, 2008, the social security administrative law judge determined that Appellant Simone Phillips "has been under a disability ... **since August 9, 2007, the alleged onset date of disability.**" (Social Security Administration Decision, 12/15/08, at 6 (emphasis added)). The report does not mention the subject motor vehicle accident in any way, including Appellant Simone Phillips' state of mind at the time it occurred. (*See id.* at 1–6). Accordingly, the report did not fall under the hearsay exception found at Pennsylvania Rule of Evidence 803(3), and the trial court properly precluded it as hearsay.

▮ Next, we review Appellants' claim that the Social Security disability report falls under Pennsylvania Rule of Evidence 803(4) and that Dr. Tabby should have been allowed to testify about it because it is the type of report on which she usually relies. (Appellants' Brief, at 23–24). We disagree.

It is well-settled that:

The medical treatment exception to the hearsay rule provides that testimony repeating out-of-court statements which were made for the purposes of receiving medical treatment are admissible as substantive evidence.... [N]othing is better settled than that statements of a patient to his physician, as to the character and seat of his sensations, made for the purpose of receiving medical advice, are competent evidence....

The law in Pennsylvania ... has been that statements to a doctor were admissible insofar as they were necessary and proper for diagnosis and treatment of the injury and referred to symptoms, feelings and conditions.

Given these descriptions of the medical treatment exception, it becomes apparent that there are essentially two requirements for a statement to come within this exception. First, the declarant must make the statement for the purpose of receiving medical treatment, and second, the statement must be necessary and proper for diagnosis and treatment[.]

*Commonwealth v. Smith,* 545 Pa. 487, 681 A.2d 1288, 1291 (1996) (citations, quotations marks, and footnote omitted).

We observe that Appellant Simone Phillips appeared at an administrative hearing where the legal "issue [was] whether the claimant is disabled under Section 216(i) and 223(d) of the Social Security Act." (Social Security Decision, 12/15/08, at 1). Any statements she made were for the determination of disability, not "for the purpose of receiving medical treatment," nor is the report "necessary and proper for diagnosis and treatment." *Smith, supra* at 1291. Accordingly, the medical treatment exception to the hearsay rule does not apply to the Social Security Decision. *See id.*

Additionally, Appellants could not make the inadmissible hearsay report and the statements therein admissible by introducing it through Dr. Tabby. *See Woodard v. Chatterjee,* 827 A.2d 433, 444 (Pa.Super.2003) (holding that expert may not act as "mere conduit or transmitter of the content of the extrajudicial source.") (citation omitted).[13] Accordingly, we conclude that the trial court properly exercised its discretion in precluding the Social Security Administration decision and any related MetLife disability report as hearsay. *See Stumpf, supra* at 1035–36.[14]

■ Next, Appellants argue that they should have had "the opportunity to question" witnesses from Krapf and Sons about "the hiring, training and retraining of Appellee driver James Lock, their entrustment of the vehicle that was operated by Appellee driver James Lock, at the time of the accident" and the "specifications as to the vehicle." (Appellants' Brief, at 25). We disagree.

Preliminarily, we observe that Appellants did not assert any causes of action for negligent hiring, training, or retention. (*See* Second Amended Complaint, 5/27/08, at 1–8). Therefore, any such claims were barred by the statute of limitations and Appellants could not add new theories of liability at trial. *See Kincy, supra* at 497.

Also, "a claim of corporate negligence . . . requires that in cases where a [corporation's] negligence is not obvious, a plaintiff must establish through expert testimony that a [corporation's] acts deviated from an accepted standard of care and that the deviation was a substantial factor in causing plaintiff's harm." *Matthews v. Clarion Hosp.,* 742 A.2d 1111, 1112 (Pa.Super.1999) (citation omitted). However, a review of the record reveals that Appellants did not identify any experts or other evidence in support of a claim of negligent entrustment.

---

13. In fact, a review of the reports of Drs. Black and Tabby reveals that neither doctor relied on the Social Security Administration decision in forming their opinions. (*See* Expert Report of Perry Black, M.D., 12/03/09, 1–15; Supplemental Expert Report of Perry Black, M.D., 11/23/11, at 1–4; Expert Report of Sara Marks Tabby, M.D., 3/13/12, at 1–6).

14. Moreover, these reports and Appellant Simone Phillips' statement of injuries in the police report would go to damages. Therefore, even if the court erred in excluding them, it would be harmless error where the jury found that Appellee Lock was not negligent.

924

Finally, and most saliently, Appellants had the incorrect party in court because it failed to sue the correct corporate defendant, namely Krapf Coaches. Accordingly, any examination of representatives from Krapf and Sons would have been irrelevant. Therefore, the trial court properly exercised its discretion when it precluded Appellants from questioning representatives of Krapf and Sons about negligent training, hiring, rehiring, or entrustment of the vehicle Mr. Lock was driving the day of the accident. *See Stumpf, supra* at 1035–36. Appellants' fifth issue does not merit relief.

Judgment affirmed.