J-A28005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAWN GILLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALYSA WOLOSZYN | |
| Appellee | No. 437 EDA 2016 |

Appeal from the Judgment Entered January 27, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): May Term, 2014 1405-02943

BEFORE: PANELLA, J., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 29, 2017**

Appellant, Dawn Gilley, appeals from the judgment entered January 27, 2016, in favor of Appellee, Alysa Woloszyn, in this motor vehicle accident, personal injury lawsuit.[1] Specifically, she argues that the trial court should have granted her post-trial motion for judgment

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the order denying her motion for post-trial relief. However, an appeal is properly taken from the final judgment entered after post-trial relief is denied. **See Growall v. Maietta**, 931 A.2d 667, 669 n.1 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1164 (Pa. 2008). Here, the trial court denied Appellant's post-trial motion, and entered judgment in favor of Appellee, on January 27, 2016. (**See** Order, 1/27/16). Although Appellant filed a praecipe to enter judgment on February 15, 2016, which the prothonotary entered, because the court already entered judgment, the February 15, 2016 entry of judgment is a legal nullity. We have amended the caption accordingly.

notwithstanding the verdict (JNOV) following the September 18, 2015, jury verdict, which found that Appellant, whose car was hit by Appellee, was sixty-percent negligent. We affirm.

We take the factual and procedural history in this matter from our review of the certified record, and the trial court's May 4, 2016 opinion.

On May 20, 2013, [Appellant] and [Appellee] were involved in an automobile accident. [Appellant] is a real estate agent and testified that[,] at the time of the accident[,] she was on her way to a client meeting. She testified that the accident happened at a stop light near the City Avenue exit in Philadelphia, [Pennsylvania]. [Appellant] testified that she was stopped at the light when a car hit her from behind, and as a result, she struck her head on the steering wheel and her cell phone was broke[n] after hitting the windshield. [Appellant] testified that[,] after the accident[,] she was disoriented and hurt. She also testified on different occasions, that at the point of impact [Appellee] was going anywhere from twenty, forty, or seventy miles an hour, but argued she did not intend to mislead anyone when making such conflicting testimony. [Appellant] made the varied statements in her deposition, emergency room, and physician records. After her car was struck, [Appellant] moved her car out of the way of traffic and called 911[;] however[,] the police did not arrive at the scene of the accident while the parties were there.

[Appellant] testified that she had a hands free cell phone that she used in her car and never took her hands off of the steering wheel when using her cell phone. She further testified that she was not on her cell phone at the time of the accident. During her cross-examination, she testified that she signed a form at the hospital after the accident stating the accident occurred at 10:02 a.m. [Appellant's] cell phone records revealed that she had a two[-]minute cell phone call that began at 10:01 a.m.

Additionally, during [Appellant's] deposition[,] she stated that she had the following injuries: (1) her forehead and mouth were bleeding and she had to pick glass out of her forehead, (2) her face was bruised under her eyes and nose, (3) her right

hand was bleeding, (4) her left thumb nail was lost in the accident, (5) her wrist was cut open from digging her nail into it, [and (6)] her tooth was broken. However, none of the injuries were listed in [Appellant's] emergency room records.

At the time of the accident, [Appellee] was on her way to work as well. [Appellee] testified that she exited the expressway at City Avenue and[,] at the end of the ramp, she stopped at the red light where no cars were in front of her. The light turned green and [Appellee] turned right onto City Avenue. She testified that her attention was partly on a Mack truck that was also making the turn next to her to make sure the truck would not hit her[,] and then put her attention back on City Avenue, and as she rounded the corner, she saw [Appellant's] car stopped close in front of her. After seeing [Appellant's] car stopped in the road, [Appellee] tried to brake and veer to the right in an effort to avoid [Appellant's] car. [Appellee] admitted to bumping [Appellant's] car. She testified that the contact was minimal and could be described as a fender bender. [Appellee] stated that as she turned the curve, she was going between ten and twenty miles per hour. There was no damage to [Appellee's] car from the accident. [Appellee] further testified that when she and [Appellant] exited their cars after the accident, [Appellant] was not bleeding on any part of her body[,] nor were there any abrasions or glass in her forehead. Both [Appellant] and [Appellee] remained at the scene of the accident for about fifteen minutes after the accident occurred.

[Appellant's] counsel filed a motion for directed verdict on the issue of liability because [Appellee] admitted to bumping [Appellant's car] with her car and causing the accident in part. After considering [Appellant's] motion and [Appellee's] response, the [trial court] denied the motion and let the case go to the jury. After deliberation, the jury returned a verdict attributing sixty percent negligence to [Appellant] and forty percent negligence to [Appellee].

On January 27, 2016, [the trial court] heard oral argument on [Appellant's] Motion for Post Trial Relief. [Appellant's] attorney presented the motion and requested a judgment notwithstanding the verdict. [Appellant's] counsel argued that the evidence did not support the jury verdict and [Appellee] did not satisfy her burden of proving [Appellant's] negligence. [Appellee] opposed [Appellant's] Motion for Post Trial Relief[,] and argued that there was substantial evidence at trial to

support the verdict.  [On January 27, 2016, the trial court denied the motion and entered judgment in favor of Appellee.  This timely appeal followed.[2]]

(Trial Court Opinion, 5/04/16, at 3-5) (record citations omitted).

Appellant raises two questions on appeal.

[1.]  Did the trial court err in denying the motion for post trial relief and failing to enter a judgment notwithstanding the verdict where: (1) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered in favor of [Appellant]; and (2) the evidence presented at trial was insufficient to sustain the verdict by the jury that [Appellant] was sixty (60%) percent negligent?

[2.]  Did the trial court err in denying the motion for post trial relief where: (1) [Appellee] failed to develop any evidence or testimony to support her allegation that [Appellant] was at fault for the accident; (2) [Appellee] failed to provide the jury with a factual basis for its decision; and (3) the verdict is contrary to the evidence, shocks one's sense of justice[,] and is an abuse of discretion?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

In her first issue, Appellant contends that the court erred in not granting her post-trial motion and entering JNOV in her favor.  (**See** Appellant's Brief, at 12-20).[3]  Specifically, she claims that based on the evidence at trial, no two reasonable minds could disagree that she was not sixty-percent negligent, and that the evidence at trial was insufficient to

---

[2] Pursuant to the court's order, Appellant filed a statement of errors complained of on appeal, on March 4, 2016.  **See** Pa.R.A.P. 1925(b).  The trial court entered its opinion on May  4, 2016.  **See** Pa.R.A.P. 1925(a).

[3] We note that Appellant failed to comply with the requirement of Pa.R.A.P. 2119(a), that she organize her brief according to the questions presented. **See** Pa.R.A.P. 2119(a).

support a conclusion that she was sixty-percent negligent. (***See id.***). We disagree.

Our standard of review concerning denial of a motion for JNOV is well-settled.

> When reviewing the propriety of an order granting or denying judgment notwithstanding the verdict, we must determine whether there is sufficient competent evidence to sustain the verdict. We must view the evidence in the light most favorable to the verdict winner and give the verdict winner the benefit of every reasonable inference arising therefrom while rejecting all unfavorable testimony and inferences. . . .

> Pennsylvania law makes clear that a judgment notwithstanding the verdict is proper only in clear cases where the facts are such that no two reasonable minds could disagree that the verdict was improper. Questions of credibility and conflicts in evidence are for the fact-finder to resolve. This Court will not substitute its judgment based upon a cold record for that of the fact-finder where issues of credibility and weight are concerned.

***Dubose v. Quinlan***, 125 A.3d 1231, 1237–38 (Pa. Super. 2015), *appeal granted in part*, 138 A.3d 610 (Pa. 2016) (citations omitted). Furthermore, "the burden to establish the plaintiff's conduct as a contributing factor in his injury rests with the defendant, who must show both the negligence of the conduct alleged and the causal relationship of that conduct to the injuries for which damages are sought." ***Angelo v. Diamontoni***, 871 A.2d 1276, 1280 (Pa. Super. 2005), *appeal denied*, 889 A.2d 87 (Pa. 2005) (citation omitted).

Here, Appellee admitted to bumping into Appellant's car after exiting I-76 West onto City Avenue, prior to turning right onto Presidential Boulevard. (***See*** N.T. Trial, 9/14/15, at 27-28; N.T. Trial, 9/16/15, at 97). Appellee

explained that she was the first car stopped at a red light at the end of the I-76 exit ramp, waiting to turn right onto City Avenue, and there were no other vehicles in front of her. (*See* N.T. Trial, 9/14/15, at 33-34; N.T. Trial, 9/15/15, at 16-17; N.T. Trial, 9/16/15, at 98). When the light turned green, she made a right turn onto City Avenue where she saw Appellant's car stopped in the roadway with no cars in front of it. (*See* N.T. Trial, 9/14/15, at 32-33; N.T. Trial 9/16/15, at 98). Appellee testified that she hit Appellant's car while driving about ten miles per hour. (*See* N.T. Trial, 9/16/15, at 100). Appellant testified that she signed a form at the hospital stating that the accident occurred at 10:02 a.m., and that she placed a two-minute phone call at 10:01 a.m. (*See* N.T. Trial, 9/16/15, at 48-49).

Viewing the evidence in the light most favorable to Appellee, as verdict winner, and giving her the benefit of every reasonable inference, we conclude that the evidence supports Appellee's theory that Appellant's car was stopped in a roadway, with no cars in front of her, while she was talking on her cell phone with her assistant. *See Angelo*, *supra* at 1280; *Dubose*, *supra* at 1237-38. Thus, there is sufficient evidence to support the jury's conclusion that Appellant was acting negligently, and that her contributory negligence was sixty-percent the cause of the accident. Accordingly, we conclude that this is not a case where no two reasonable minds could disagree that the verdict was improper, and the trial court did not err or abuse its discretion when it denied Appellant's motion for JNOV. *See Dubose*, *supra* at 1237-38. Appellant's first issue does not merit relief.

In her second issue, Appellant argues that the trial court erred in denying her post-trial motion for a new trial. (**See** Appellant's Brief, at 14-17, 19, 22). Specifically, Appellant argues that Appellee failed to present evidence that she was at fault for the accident, and therefore Appellant claims she is entitled to a new trial because the verdict shocked one's sense of justice. (**See id.** at 14-16). We disagree.

Appellant's claim challenges the weight of the evidence, for which our standard of review is well settled.

> [A]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Phillips v. Lock**, 86 A.3d 906, 919 (citation omitted). "A new trial is warranted when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. . . . [A] new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion." **Martin v. Evans**, 711 A.2d 458, 461 (Pa. 1998) (citations and internal quotation marks omitted).

Here, the trial court addressed Appellant's post-trial motion for a new trial and concluded that it

> . . . did not err by denying [Appellant] a new trial because the jury's verdict was not so contrary to the evidence as to shock one's sense of justice. The jury took into account that [Appellee] admitted to bumping [Appellant's] car and partially causing the accident, as she was found to be forty percent negligent. The jury was free to find [Appellee's] account of events more credible than [Appellant's] testimony. [Appellee] testified that she was driving at about ten to twenty miles an hour as she turned the curve onto City Avenue and attempted to avoid [Appellant's] car, which was stopped in the street. There was also evidence that [Appellant] was talking on her cell phone at the time of the accident. Because of this evidence, it cannot shock one's sense of justice to find [Appellant] sixty percent negligent in the cause of this accident. Therefore, the jury verdict was not against the weight of the evidence and [the trial court] did not err by not granting a new trial.

(Trial Ct. Op., at 8).

We agree with the reasoning of the trial court and will not re-weigh the evidence. **See Phillips**, **supra** at 919. Accordingly, based on the foregoing and our own independent review of the record, we conclude that the trial court did not abuse its discretion or commit an error of law when it found that Appellant is not entitled to a new trial. Appellant's second issue does not merit relief.

Judgment affirmed.

Judge Shogan joins the Memorandum.

Judge Panella files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017