597 A.2d 1230

**TULLY DRILLING COMPANY, INC., Appellee,**

v.

**Hubert B. SHENKIN and Lucille H. Shenkin, Appellants.**

Superior Court of Pennsylvania.

Argued July 16, 1991.

Filed Oct. 21, 1991.

Mark R. Zimmer, Honesdale, for appellants.

Peter G. Loftus, Scranton, for appellee.

Before POPOVICH, HUDOCK and MONTGOMERY, JJ.

POPOVICH, Judge:

We are asked to review the December 7, 1990, order (reduced to judgment thereafter) denying a Motion in Ar-

rest of Judgment, Motion for Judgment Notwithstanding the Verdict, and Motion for a New Trial by the defendants/appellants, Hubert S. Shenkin and Lucille B. Shenkin, his wife. We reverse in a case of first impression.

A review of the record in a light most favorable to the verdict-winner, plaintiff/Tully Drilling Co., indicates that a mechanic's lien was filed on December 9, 1983,[1] by the plaintiff for installation of a well on property owned by the defendants and situated at Lake Como, Pennsylvania.

On July 11, 1988, the defendants filed a motion to strike the mechanic's lien on the ground that the plaintiff "ha[d] not commenced any action to obtain judgment upon its Claim for Lien" as required by 49 P.S. § 1701(b).[2] A rule to show cause why the case should not be dismissed for want of prosecution was issued on July 12, 1988, and made returnable for answer and hearing on August 16, 1988.

In reply, the plaintiff filed an answer in which it was alleged that an action had been commenced to obtain judgment upon its claim (in the form of a complaint) and the procedure to be followed for compelling judgment upon default was set forth in Pa.R.Civ.P. 1659[3] and required the owner ("defendants") to praecipe the prothonotary to enter a rule upon the claimant ("plaintiff") to file a complaint

1. We take exception to the trial court's determination that the plaintiff filed its mechanic's lien on September 21, 1983. The record indicates a time-stamp on the face of the lien reading December 9, 1983, as the date the document was received by the prothonotary. See Appellee's Brief at 5.

2. Section 1701(b) reads: "Time for Commencing Action. An action to obtain judgment upon a claim should be commenced within two (2) years from the date of filing unless extended in writing by the owner." Act of August 24, 1963, P.L. 1175, No. 497, art. VII, 49 P.S. § 1701(b) (1965).

3. Rule 1659 provides: "If a claimant has filed a claim and does not file a complaint, the prothonotary, upon praecipe of an owner, shall enter a rule as of course upon the claimant to file a complaint within twenty (20) days after service of the rule, or be forever barred from so doing. If the claimant fails to do so, the prothonotary, upon praecipe of the owner and proof of service, shall enter judgment for the defendant."

within twenty days after service of the rule or be forever barred from doing so.

The plaintiff's complaint asserted that an oral agreement had been entered into on or about August 11, 1983, for casing a well and making it operational. The work was completed on August 16, 1983, for a total cost of $6,930.06, the payment of which had been attempted with the issuance of a check in the amount of $3,000.00 by the defendants with the notation that it was for payment in full.

By order dated August 16, 1988, the defendants' request for relief was denied for failure to "follow[ ] the procedure for compelling judgment upon default as specified in Pa. R.C.P. 1659". A motion for reconsideration was denied. After this, the defendants filed an answer and new matter asserting the bar of Section 1701(b)'s two-year period for the untimeliness of the complaint. This was followed by an answer from the plaintiff denying the applicability of the statute of limitations in new matter. A motion for summary judgment was also submitted by the defendants, but it was denied because the court held that genuine issues of material fact were present.

Following a non-jury trial, in which the court held in favor of the plaintiff, post-trial motions were submitted and denied. The order was reduced to judgment and this appeal followed.

The first issue framed for our consideration is:

Whether a claimant's failure to file a complaint on a mechanic's lien claim within the time required in 49 P.S. § 1701(b) requires the striking of the claim upon application of the owner?

It is the position of the defendants that the time-frame within which a mechanic's lien claim is to be "commenced" is controlled by the two-year period in 49 P.S. § 1701(b). Because the plaintiff "did not commence an action on [its] mechanic's lien claim within the two-year period", the defen-

dants argued they were entitled to have their motion to strike granted.

It has been consistently held:

A mechanic's lien is strictly statutory, to obtain in rem rights in the nature of collateral security for the payment of a debt owed for work done or materials supplied. It is essentially intended as a means for collection of the debt and is not designed to afford a sole means for determining whether the debt is a valid obligation or whether damages may otherwise lie for breach of contract: *Halowich v. Amminiti*, 190 Pa.Superior.Ct. 314, 154 A.2d 406 (1959). The Mechanics' Lien Law of August 24, 1963, P.L. 1175, 49 P.S. § 1101 et seq., must be strictly complied with in establishing and enforcing the right to a lien: *McCarthy v. Reese*, 419 Pa. 489, 215 A.2d 257 (1965). We believe, in view of the express, limited purpose of the act, that any question of interpretation of the applicable rules of procedure should likewise be resolved in favor of a strict, narrow construction, so as to insure against mechanic's lien proceedings becoming unduly complicated and broadened beyond the degree intended by the legislature.

Accordingly, we view defendnts' [sic] complaint against additional defendant as an attempt to interpose a new and different cause of action, contrary to the direction of Rule 1657. In view of this determination there is no need for us to speak to the alternative argument raised by additional defendant's preliminary objections.

*Raymond S. Hess, Inc. v. Kutner*, 13 Pa.D. & C.3d 556, 559 (1978), aff'd 268 Pa.Super. 610, 413 A.2d 1125 (1979). Accord *Brann & Stuart Co. v. Consolidated Sun Ray, Inc.*, 433 Pa. 574, 253 A.2d 105, 106 (1969).

From our review of the record and sparse case law, we conclude that no "action was commenced", as that phrase has been defined by the Rules of Civil Procedure, with the filing of the mechanic's lien on December 9, 1983, by the plaintiff.

Pursuant to Section 1701(a) and (b) of the Mechanics' Lien Law of 1963, the Rules of Civil Procedure govern the practice and procedure to obtain a judgment once a lien has been filed,[4] and, under Pa.R.Civ.P. 1653, actions upon mechanics' liens "shall be commenced by filing ... a complaint" with the prothonotary.[5] This did not occur here until September 9, 1988, well beyond the two-year statute of limitations referred to in Section 1701(b).

As has been oft-stated by this Court and the Supreme Court:

> Every practitioner has recognized that strict compliance with Mechanics' Lien Law is necessary in order to effect a valid claim.
>
> \* \* \* \* \* \*
>
> The right to a mechanic's lien is purely a creature of statute and it is only available if the conditions of the legislature are strictly followed. Where the words of a statute are clear, the courts should not be requested to go beyond the requirements of the act to determine who was and who was not dilatory and responsible for the delay.

*Brann & Stuart Co.,* supra, 433 Pa. at 576–78, 253 A.2d at 106; *Trustees of C.I. Mortgage Group v. Stagg of Huntington, Inc.,* 247 Pa.Super. 336, 372 A.2d 854 (1977).

Under existing law, the proceedings in mechanics' lien cases fall into two distinct, consecutive stages: (1) filing and perfecting the claim of a mechanics' lien; and (2) instituting and prosecuting an action sur claim of a mechanics' lien. The papers relating to each stage are entered in separate dockets, kept in separate files, and

4. Section 1701(a) and (b) read:
   (a) Practice and Procedure. The practice and procedure to obtain judgment upon a claim filed shall be governed by the Rules of Civil Procedure promulgated by the Supreme Court.
   (b) Time for Commencing Action. An action to obtain judgment upon a claim filed shall be commenced within two (2) years from the date of filing unless the time be extended in writing by the owner.

5. Rule 1653 provides in relevant part: "An action shall be commenced by filing with the prothonotary ... a complaint...."

bear separate designations of court term and number. Procedure for the first state is governed exclusively by statute: Sections 501 through 510 of the Mechanics' Lien Law of 1963, 49 P.S. Sections 1501 through 1510; that for the second stage is regulated—pursuant to Sections 701(a) and 706(b) of the Law, 49 P.S. Sections 1701(a) and 1706(b)—by the Pennsylvania Rules of Civil Procedure, No. 1651 through No. 1660.

*Schwartz & Baker v. Racing, Inc.*, 25 Monroe Leg.Rptr. 125, 126 (1967). Accord *Prettyman v. Shelton*, 17 Pa.D. & C.3d 243, 244 (Chester Cty.1980); *Renan, Inc. v. PNL, Inc.*, 67 Pa.D. & C.2d 430, 431 (Beaver Cty.1974); see also *McCarty v. Reese*, 419 Pa. 489, 215 A.2d 257, 258 & n. 1 (1965).

With the predecessor to the present Act of 1963, once a lien was filed a writ of scire facias *had to be filed* within two years after the lien was entered and indexed in the mechanics' lien docket.

Under the mechanics' lien law of June 4, 1901, P.L. 431, § 10, the issuance of such a writ within such period is mandatory in order to assure the continuance of the lien, "unless the owner, by writing filed before the expiration of that time, waive the necessity for so doing for a further period not exceeding three years...."

\* \* \* \* \* \*

It would seem to be the settled law in Pennsylvania that where a claimant fails to issue a scire facias within two years of filing his lien, and there has been no waiver by the owner, the lien will be stricken off: *Klein v. Shepherd et al.*, 25 Luz.Leg.Reg.Rep. 166. (1926); *Walck v. Schlier et al.*, 18 Luz.Leg.Reg.Rep. 406 (1916); *Hamaker v. Keath Planing Mill Co.*, 41 Lanc.L.R. 244 (1926). *Cassel v. Stump et al.*, 62 Montg.Co.L.R. 12, 13 (1945).

Consistent with the Mechanics' Lien Law of 1901, the only occasion on which the waiver of the two-year statute of limitations for issuing a writ of scire facias would be condoned was upon the written consent of the owner ("debtor"), and then the period could not exceed three years. See,

e.g., *Yanks v. Stadt et al.*, 25 Luz.Leg.Reg.Rep. 374 (1929); *Iandorio v. Martello*, 24 Luz.Leg.Reg.Rep. 210 (1926).

With the enactment of the Mechanics' Lien Law of 1963, the reference to the three-year period was omitted as unnecessary in view of subsection (d) of Section 1701: It provides that the judgment must be recovered within five years from the date of filing, excluding therefrom time expended to dispose of motions, petitions or appeals taken from any order in the cause, totalling the two-and three-year period allowed by the Act of 1901. See Comment—Joint State Government Commission 1964 Report following 49 P.S. § 1701 (1965); see also 49 P.S. § 1701(d).[6]

However, "[t]he two-year period for commencing action to obtain judgment on the claim remains unchanged." Id. Thus, with the plaintiff's failure to file a complaint until September 9, 1988, (three months short of five years from the date of filing the mechanic's lien claim), it failed to "commence an action" as required upon a joint reading of Section 1701(a), (b) and Rule 1653.

To permit an owner to praecipe a claimant to file a complaint (via Rule 1659 [7] after more than two years have elapsed between the lien claim filing and the complaint) would render nugatory 49 P.S. § 1701(b)'s two-year statute of limitations for commencing an action following the filing

**6.** Section 1701(d) now reads:

(d) Limitation on Time of Obtaining Judgment. A verdict must be recovered or judgment entered within five (5) years from the date of filing of the claim. Final judgment must be entered on a verdict within five (5) years. If a claim is not prosecuted to verdict or judgment, as provided above, the claims shall be wholly lost; Provided, however, That in either case, if a complaint has been or shall be filed in the cause and if the cause has been or shall be at issue, all time theretofore or thereafter consumed in the presentation and disposition of all motions and petitions of defendants, substituted defendants and intervenors in the cause, and in any appeal or appeals from any order in the cause, from the date of perfection of such appeal to the date of return of the certiorari from the appellate court to the court of common pleas, shall be excluded in the computation of the five (5) year period herein provided.

As amended December 28, 1972, P.L. 1640, No. 343, § 1, 49 P.S. § 1701(d) (Supp.1991–92).

**7.** See note 3, supra.

of a claim. Furthermore, such an interpretation of the statute fails to give effect to all its provisions, a clear violation of the Statutory Construction Act, 1 Pa.C.S.A. § 1921. We will not attribute to the Legislature such an absurd result. Id. at § 1922.

If the Legislature had intended to dispense with the requirement that a complaint must ("shall") be filed within two years of the filing of a lien, the lawmakers could have excised it from the Mechanics' Lien Law of 1963, as occurred with the deletion of the proviso allowing for an extension of up to three years for the issuance of a writ of scire facias with the consent of the owner. If the Legislature had intended to do so, it would have been very simple for it to have said that all such actions shall be brought within five years of the filing of the lien pursuant to Section 1701(d). Compare *Donahue v. Knaus*, 169 Pa.Super. 372, 375, 82 A.2d 532 (1951).

The Legislature having chosen not to eviscerate the two-year statute of limitations in subsection (b) of Section 1701, we may not do so by judicial fiat by giving Rule 1659 such a reading that it could be invoked beyond the two-year time frame set forth under the Mechanics' Lien Law of 1963 and eliminate a statutory sine qua non. This is beyond the authority of this Court. We believe that our reading of the applicable Rules and statute ameliorates the two. Although some duplication of function arises, the Rules and statute interact and flourish without either one being neutralized. See generally *Schwartz & Baker*, supra, 25 Monroe Leg. Rptr. at 126.

For the reasons herein stated, we find that the court below erred in failing to grant the defendants' motion to strike the mechanic's lien of the plaintiff. Accordingly, we will reverse the order of December 7, 1990, and the judgment entered thereafter, with the direction that judgment be entered in favor of the defendants.[8]

8. Because of our ruling, we need not address the other issues proffered.

Judgment reversed and case remanded for proceedings consistent with the disposition herein made. Jurisdiction is relinquished.