**HOGG CONSTRUCTION, INC., Appellant**

**v.**

**YORKTOWNE MEDICAL CENTRE, L.P., YTMC Fit–Out, L.P., and E. Scott King and Sara A. King.**

Superior Court of Pennsylvania.

Argued July 10, 2013.
Filed Oct. 16, 2013.

Bradley J. Leber, York, for appellant.

John C. Porter, York, for appellees.

BEFORE: MUNDY, OLSON, and STRASSBURGER *, JJ.

OPINION BY STRASSBURGER, J.:

Hogg Construction, Inc. (Hogg) appeals from two orders entered on November 9, 2012, which disposed of Hogg's claim filed against E. Scott King and Sara A. King (the Kings) pursuant to the Mechanics' Lien Law, 49 P.S. § 1101 *et seq.* The trial court granted the Kings' motion to strike the mechanics' lien claim. The trial court also granted the Kings' motion for summary judgment in favor of the Kings and against Hogg. Upon review, we reverse both orders and remand for proceedings consistent with this opinion.

The trial court summarized the underlying facts of this case as follows:

> This matter arose out of a contract between [Hogg] and [YTMC Fit–Out] to "fit-out" a condominium unit connected to the building of [Yorktowne Medical Centre, L.P. (Yorktowne Medical) ][.] The unit was subsequently purchased by the Kings and conveyed by special warranty deed dated June 26, 2006.

> The unit is currently the site of King and Associates Physical Therapy.

> [Hogg] was to be paid approximately $254,047 by YTMC Fit–Out for work on the unit. [Hogg] claims that $89,533.25 remains unpaid for the fit-out. [Hogg] claims a lien in the amount of $89,533.25 for labor and materials furnished pursuant to a written agreement between [it] and YTMC Fit–Out. [Hogg] issued five progress billings for the fit-out, the last of which was issued on June 26, 2006, the same date that ownership was transferred to the Kings. The last daily jobs report issued by [Hogg] for the condominium fit-out is dated June 6, 2006. [Hogg's] timesheets for work on the Kings' condominium indicate that the last time was charged for that job on September 17, 2006. A certificate of substantial completion was executed by [Hogg] and the condominium architect on September 18, 2006.

> [Hogg] performed some additional work in the Kings' unit in November 2006. The work was limited to the installation of an electrical receptacle and replacement of a smoke detector. Both the receptacle and smoke detector were billed to the job number assigned to the core and shell of [Yorktowne Medical], not to the job number assigned to the Kings' condominium fit-out.

> [Hogg] filed its Mechanics' Lien Claim and Notice of Filing of Mechanics' Lien Claim on April 30, 2007. The Mechanics' Lien Claim states that November 30, 2006 was the date of completion of work on the condominium fit-out. [Hogg] filed a Complaint Upon Mechanics' Lien on February 1, 2008, under the same file

---

* Retired Senior Judge assigned to the Superior Court.

number as its Mechanics' Lien Claim. [The Kings] filed their Motions to Strike Mechanics' Lien and for Summary Judgment on August 10, 2012.

Trial Court Opinion, 1/29/2013, at 1–3.

On November 9, 2012, the trial court entered the following order:

1. [Hogg] failed to file its mechanics' lien claim within four (4) months of the date of completion of its work in November of 2006 as required by 49 P.S. § 1502(a). The amended version of 49 P.S. § 1502(a), which went into effect on January 1, 2007 and allows for six (6) months to file such a claim, does not state that it is retroactive.

2. [Hogg] failed to file a separate complaint on its mechanics' lien claim as required by Pa.R.C.P. 1653.

Trial Court Order, 11/9/2012, at 1–2.

Accordingly, the trial court granted the Kings' motion to strike the mechanics' lien and motion for summary judgment. Hogg filed a timely notice of appeal, and both Hogg and the trial court complied with Pa.R.A.P.1925.

On appeal, Hogg presents three questions for our review.

A. Did the [trial] court err in finding that the six (6) month mechanics' lien filing deadline did not apply in this case, and that thus [Hogg's] mechanics' lien claim was untimely?

B. Did the [trial] court err in granting summary judgment on the issue of the timeliness of the filing of [Hoggs'] mechanics' lien claim where the record contained substantial evidence that work was performed within six (6) months of the date of filing?

C. Did the [trial] court err in finding that [Hogg] failed to file a separate complaint upon its mechanics' lien claim as required by Rule simply because the complaint was not docketed to a docket number separate and distinct from that of the mechanics' lien claim?

Hogg's Brief at 5.

Hogg's first two questions involve the grant of summary judgment, and we set forth our well-settled standard of review from that order.

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Brubacher Excavating, Inc. v. Commerce Bank/Harrisburg, N.A.*, 995 A.2d 362, 365 (Pa.Super.2010) (quoting *Erie Insurance Exchange v. Larrimore*, 987 A.2d 732, 736 (Pa.Super.2009)).

By way of background, mechanics' liens are governed by the Mechanics' Lien Law, 49 P.S. § 1101 *et seq.* In 2006, the General Assembly passed amendments to this law, and those amendments became effective on January 1, 2007. One change between the laws, pertinent to this case, governed the period of time in which a contractor or subcontractor had to file a mechanics' lien claim. Under the prior version of the law, a claim had to be filed within four months from the date of the project's completion. The amendments extended that timeframe to six months. *See* 49 P.S. § 1502(a)(1) ("To perfect a lien, every claimant must … file a claim with the prothonotary as provided by this act

within six (6) months after the completion of his work[.]").

■ Thus, because the work performed by Hogg occurred in 2006, but the claim was filed in 2007, the trial court had to determine which version of the Mechanics' Lien law should apply. Instantly, the trial court concluded that the amendments should not apply because "statutes are not to be applied retroactively absent a clear and manifest intent from the General Assembly." Trial Court Opinion, 1/29/2013, at 2. For the following reasons, this conclusion was an error of law.

Section 1502(a) of the Mechanics' Lien Law, as amended, provides as follows:

(a) **Perfection of Lien.** To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court, term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

49 P.S. § 1502(a).

Thus, in 2007, when this lien was filed, the act itself provided that any lien filed "as provided by this act" had to be done within six months. Such a reading of the statute is consistent with this Court's decision in *Commerce Bank/Harrisburg, N.A. v. Kessler*, 46 A.3d 724 (Pa.Super.2012), reargument denied (July 19, 2012). In *Kessler*, the contract between the parties was entered into in 2006, but the mechanics' lien claim was not filed until 2007. This Court had to determine which version of the law applied as the issue involved the priority of an open-end mortgage governed by section 1508, and that section was changed via the amendment. We held that "the amended language of Section 1508 applies to all liens obtained under the amended act, whether or not work on the subject property or the underlying contract for the subject property commenced prior to January 1, 2007." *Kessler, supra*, at 733.[1]

Moreover, in reading all of the amendments to the Mechanics' Lien Law, we observe that at one point the legislature specifically provided that three particular sections of the amended statute are applicable only to contracts entered into after January 1, 2007. The Historical and Statutory Notes to Act 2006–52 provide that "[t]he amendment or addition of sections 201(14), 401 and 402 of the act shall apply to **contracts** entered into on or after the effective date of this section." (emphasis added). *See Brubacher*, 995 A.2d at 367. As such, it is logical to conclude that the rest of the amendments apply to **liens** claimed after the effective date of the statute; otherwise, the legislature would not have added this language to only three sections of the amendments.

Instantly, there is no factual dispute that the lien in this case was filed after January 1, 2007. Accordingly, we hold the trial court erred in failing to apply the 2007 amendments to the Mechanics' Lien Law because this was a claim filed after the effective date of the amendments. Thus, the trial court erred in applying the four month, instead of six month, limitation for the filing of the claim.

---

1. Section 1508 is prefaced by language stating "[a]ny lien obtained under this act[.]" This language is similar to the "as provided by this act" language of section 1502.

■ Having determined that Hogg had six months to file its claim, we now consider whether the Kings were otherwise entitled to summary judgment. The trial court concluded that "the certificate of substantial completion, signed by [Hogg's] project manager on September 18, 2006, established the latest possible date for completion of work on the condominium fit-out." Trial Court Opinion, 1/29/2013, at 3.[2] Hogg contends that "the trial court made a factual finding inappropriate during consideration of a motion for summary judgment, and one that should have been reserved for the fact-finder at trial." Hogg's Brief, at 11.

As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

*Summers v. Certainteed Corp.*, 606 Pa. 294, 997 A.2d 1152, 1159 (2010).

Section 1201(8) of the Mechanics' Lien Law provides that completion of work "means performance of the last of the labor or delivery of the last of the materials required by the terms of the claimant's contract or agreement, whichever last occurs." 49 P.S. § 1201(8). Here, while the certificate of substantial completion was signed on September 18, 2006, Hogg contends that the date the last labor and material was provided was on November 30, 2006. Hogg's Brief in Opposition to Motion for Summary Judgment, 9/12/2012, at 6. Specifically, Hogg asserted that its electrical subcontractor installed a "receptacle and replacement smoke detector" on November 30, 2006. *Id.* The trial court recognized that this installation occurred, but concluded that because the work was billed to the job number for the creation of the core and shell of the condominium, as opposed to the fit-out of the condominium, it was not part of the contract under which the claim was filed. Trial Court Opinion, 1/29/2013, at 3. Hogg argues that this was a genuine issue of material fact precluding summary judgment. We agree.

In this case, viewing the evidence in the light most favorable to Hogg as the non-moving party, we conclude that a genuine issue of material fact exists. It should be determined by the fact-finder when the installation of the receptacle and smoke detector occurred; and, whether or not these installations, which were billed to a different job number, were the performance of the last of the labor as required by contract. At trial, the burden would be on Hogg to convince the fact-finder that even though those items were billed to a different job number, they were the last of the labor and materials for the contract at issue. Accordingly, we hold the trial court erred in granting summary judgment in favor of the Kings, and reverse that order.

■ We now turn to Hogg's third issue, where it contends that the trial court erred in concluding that Hogg did not comply with the requirements of Pa.R.C.P. 1653. Specifically, Hogg argues that the trial

---

**2.** Such a conclusion, applying the six month timeframe, means that the mechanics' lien had to be filed by March 19, 2007. The instant mechanics' lien claim was filed over a month later, on April 30, 2007.

court erred in applying Pa.R.C.P. 1653(a). Hogg's Brief, at 13–15.

The rules expressly provide that the mechanics' lien claim and the action to obtain a judgment upon a claim are separate and distinct. Pa.R.C.P. 1651.

> An action shall be commenced by filing with the Prothonotary
>> (a) a complaint, or
>> (b) an agreement for an amicable action.

Pa.R.C.P. 1653.

In *Tully Drilling Co., Inc. v. Shenkin,* 409 Pa.Super. 333, 597 A.2d 1230 (1991), we summarized the requirements under this rule.

> Under existing law, the proceedings in mechanics' lien cases fall into two distinct, consecutive stages: (1) filing and perfecting the claim of a mechanics' lien; and (2) instituting and prosecuting an action sur claim of a mechanics' lien. **The papers relating to each stage are entered in separate dockets, kept in separate files, and bear separate designations of court term and number.** Procedure for the first stage is governed exclusively by statute: Sections 501 through 510 of the Mechanics' Lien Law of 1963, 49 P.S. Sections 1501 through 1510; that for the second stage is regulated-pursuant to Sections 701(a) and 706(b) of the Law, 49 P.S. Sections 1701(a) and 1706(b)-by the Pennsylvania Rules of Civil Procedure, No. 1651 through No. 1660.

*Id.* at 1232 (emphasis added).

Here, because Hogg's complaint was docketed at the same number as the mechanics' lien claim, the trial court granted the Kings' motion to strike the mechanics' lien. Hogg contends that the trial court's reliance on *Tully, supra,* was error. We agree.

Nowhere in the rules does it expressly state that the complaint **must** be filed at a docket number separate from the docket number assigned to the mechanics' lien claim. More importantly, nowhere in the rules does it state that failure to file the complaint at a separate docket number is fatal, requiring the striking of the claim or a dismissal of the action. In fact, Rule 1659 of the Rules of Civil Procedure lends support to the conclusion that it is not mandatory that a complaint commencing the action be filed at a docket number separate from the mechanics' lien claim. Rule 1659 provides:

> If a claimant has filed a [mechanics' lien] claim and does not file a complaint, the prothonotary, upon praecipe of an owner, shall enter a rule as of course upon the claimant to file a complaint within twenty days after service of the rule, or be forever barred from so doing. If the claimant fails to do so, the prothonotary, upon praecipe of the owner and proof of service, shall enter judgment for the defendant.

Pa.R.C.P. 1659.

Under this rule, the owner may praecipe for a rule directing the claimant to file a complaint within 20 days. It is only logical that the praecipe would be filed, and the rule would be issued, at the same docket number as the mechanics' lien claim. In turn, the claimant must file a complaint in response to the rule. Again, there is no express prohibition to filing the complaint at the same docket number as the rule which directed that the complaint be filed. In fact, it would seem more efficient and less likely to result in confusion if the complaint is filed at the same docket number as the rule directing that it be filed. Finally, under this rule, if a complaint is not filed timely, the prothonotary shall enter judgment for the defendant. At this stage, the only docket number that would exist in such a situation is the docket number assigned to the mechanics' lien

claim. Thus, if a complaint is not filed in response to the rule, judgment upon the claim will be entered at the same docket number as the claim.

We also keep in mind that Pa.R.C.P. 126 provides that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Instantly, the Kings have made no argument that their rights have been negatively affected by the filing of the complaint at the same docket number as the mechanics' lien claim. Thus, it was error for the trial court to elevate form over substance by granting the Kings' motion to strike the mechanics' lien.[3]

Instantly, Hogg complied with the statute by filing its complaint on February 2, 2008, well within two years of the date it filed its mechanics' lien claim. Thus, we conclude the trial court erred in granting the Kings' motion to strike the mechanics' lien claim.

Orders reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**3.** Moreover, the facts in *Tully* are distinguishable. In *Tully*, a mechanics' lien claim was filed by the claimant on December 9, 1983. No complaint was ever filed. On July 11, 1988, the owner of the property filed a motion to strike the mechanics' lien claim because no complaint was filed within two years of the claim pursuant to 49 P.S. § 1701(b). This Court interpreted this section and held that a complaint had to be filed within two years from the date of filing the mechanics' lien claim. Thus, the portion of *Tully*, referenced *supra*, indicating that separate docket numbers are required, is dicta.