J-E04002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: PETITION FOR CHANGE OF NAME OF A.W.H. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| J.P.W., JR., O/B/O MINOR CHILD A.W.H. | |
| APPEAL OF: A.N.H. | |
| | No. 1682 WDA 2012 |

Appeal from the Order entered October 30, 2012
In the Court of Common Pleas of Washington County
Civil Division at No: C-63-CV-201104793

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E., PANELLA, J., DONOHUE, J., SHOGAN, J., MUNDY, J., OLSON, J., OTT, J.

MEMORANDUM BY PANELLA, J. **FILED APRIL 17, 2015**

Appellant, A.N.H. ("Mother"), appeals from the Order entered October 30, 2012, by the Honorable John F. DiSalle, Court of Common Pleas of Washington County, which granted J.P.W., Jr.'s ("Father") Petition for Name Change of a Minor filed on behalf of the couple's minor child, A.W.H. ("Child"). We affirm.

The relevant facts of this case are as follows. Child was born to Mother and Father in November 2010. At the time, Mother was married to another man, but the couple had commenced divorce proceedings in April 2007. Although Mother and Father had been engaged throughout most of

their nearly three-year relationship, by the time Child was born, they were no longer on good terms. Father was not present during Child's birth due to Mother's failure to inform him of her labor.  He did, however, visit Mother and Child in the hospital later on the day of the birth.  Despite Father's prompting, Mother refused to pick a name for Child or complete any other paperwork regarding Child's identity while Father was present in the hospital.  The day after the birth, after Father had left the hospital, Mother called him to inform him of the name she had selected for Child. Without consultation with Father, Mother had named the child A.W.H., choosing Father's surname for Child's middle name and giving Child the surname of her estranged husband.[1]  Neither Mother nor Father has ever disputed Father's paternity of the child.

Father instituted custody proceedings against Mother approximately seven weeks after the child was born, in December 2010.  On April 21, 2011, Father served Mother with a Petition for Change of Name, requesting that Child's last name be changed to Father's surname. A hearing was

---

[1] Although Mother and her husband never divorced, they remain estranged from each other.  Mother uses her estranged husband's surname for herself and the surname of her first husband, Michael Neal, from whom she is divorced as her middle name. At the time of the child's birth, the child had four half-siblings, three of whom carry the surname "H" of their father (Mother's estranged husband), and one of whom carries Father's surname.

scheduled for November 23, 2011.[2] Following several continuances, without the objection of any party, a hearing on the name change petition was conducted in conjunction with the custody action on September 7, 2012.

Prior to the commencement of the hearing, Mother, for the first time, objected to holding the name change hearing outside of the time period prescribed by 54 Pa.C.S.A. § 701(a.1)(3)(i).[3] The court overruled Mother's objection and the hearing proceeded.

Father testified regarding his close bond with Child and stated that he wanted Child to carry on his family name. Father, paternal grandmother, paternal aunt, and a friend of Father's all testified regarding Child's and Father's relationship and bond. They also testified that Mother repeatedly referred to her estranged husband as "daddy" to Child, even while in Father's presence, and that Mother's other children expressly referred to Mr. H. as "daddy" and to Child as the "H" boy at custody exchanges. Mother testified that she opposed the name change because she wanted all of the children in her household to carry the same surname. Mother did not dispute that Father has a close bond with the child.

---

[2] The docket reflects that the petition was formally filed with the Washington County Prothonotary on July 15, 2011.

[3] That section provides that "[t]he hearing shall be held not less than one month nor more than three months after the petition is filed." 54 Pa.C.S.A. § 701(a.1)(3)(i).

Following the hearing, the court granted Father's petition and ordered that Child's name be changed from A.W.H. to A.J.W. This timely appeal followed.[4]

On appeal, Mother raises the following issues for our review:

1. Did the [c]ourt err in conducting a "Change of Name" hearing over counsel's objection to procedural deficiencies in conducting the change of name hearing[?]

2. Did the Father … present sufficient evidence demonstrating that a change of name was in the child's best interest[?]

3. Did the [c]ourt err in using a theory of patrilineal surnames to grant a change in the child's name[?]

4. Did the [c]ourt err in introducing evidence from hearings he conducted in a separate and distinct family division matter[?]

Appellant's Brief at 3.

Our Supreme Court has directed that the established standard of review for cases involving petitions for change of name is whether there was an abuse of discretion. *See In re Change of Name of Zachary Thomas Andrew Grimes*, 609 A.2d 158, 159 n. 1 (Pa. 1992). That Court has defined the abuse of discretion standard as follows.

> An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion.

---

[4] Both the trial court and Mother have complied with Pa.R.A.P. 1925.

Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

*Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1123 (Pa. 2000) (internal quotation marks and citations omitted). On matters involving petitions for a change of name, the Supreme Court has stated:

Whenever a court has discretion in any matter (as it has in the matter of a change of name) it will exercise that discretion in such a way as to comport with good sense, common decency, and fairness to all concerned and to the public.

*In the Matter of Robert Henry McIntyre*, 715 A.2d 400, 402 (Pa. 1998); *In re Grimes*, 609 A.2d at 160.

"The court of common pleas of any county may by order change the name of any person resident in the county." 54 Pa.C.S.A. § 702. There are no prescribed criteria for a court to consider when exercising its discretion upon a petition for change of name. Regarding the statutory provisions for a change of name, our Supreme Court has stated:

The focus of the statute and the procedures thereunder indicate a liberal policy regarding change of name requests. The necessity for judicial involvement centers on governmental concerns that persons not alter their identity to avoid financial obligations. Beyond requiring compliance with the notice provisions, the statute provides no additional guidance for courts considering petitions for change of name. Absent any legislative criteria, courts reviewing petitions for change of name exercise their discretion "in such a way as to comport with good sense, common decency and fairness to all concerned and to the public."

*In re Grimes*, *supra* at 160 (citation omitted).

In her first issue, Mother argues that the trial court committed a procedural error by holding the hearing on the name change petition more than three months after the date on which Father had filed the petition, in derogation of 54 Pa.C.S.A. § 701(a.1)(3)(i). Mother provides no citation to case law in support of her implication that this error warrants reversal. Most significantly, she omits acknowledgement of her acquiescence in the trial court's granting of numerous continuances after the petition was filed in April 2011.

The trial court aptly observed:

First, as acknowledged by Mother's counsel at the time the objection was lodged, there is no prescribed remedy for instances in which the statutory procedure is not fastidiously followed. When questioned by the Court, Mother's counsel did not identify any hardship to which Mother would be subjected by proceeding with the Name Change Hearing. Mother testified that all interested parties to the name change proceeding were indeed present at the time of the hearing. There was no offer that any of Mother's witnesses or evidence was unavailable for the hearing. Mother's counsel argued that Father should be required to re-file his Petition and re-petition the Court for a new hearing date that falls within the statutory time frame. Even assuming, *arguendo*, that the parties and/or Court failed to adhere to the statutory procedures, it is well within the discretion of this Court under Rule 126 of the [Pa.R.C.P.] to "disregard any error or defect of procedure which does not affect the substantial rights of the parties." [Pa.R.C.P.126]. Here, Mother made no showing that proceeding with the Name Change Hearing affected her rights, substantial or otherwise, in any way. The Court overruled Mother's objection and was within its discretion to proceed with the Name Change Hearing regardless of whether the statutory time limits of [Section] 701(a.1) were met.

Second, by failing to raise her procedural objection until September 7, 2012, well over one (1) year after Father's Petition

> was filed, Mother effectively waived her objection to the timeliness of the hearing. … Mother and her counsel either agreed to and/or did not object to a litany of continuances of the Name Change Hearing, [including when] … this Court expressly acknowledged the agreement of the parties that the continuance effected by the March 15, 2012 Order "shall be with no prejudice to Father."

Trial Court Opinion, entered 6/11/13, at 11-12.

The record and relevant law support the trial court's analysis. **See** Pa.R.C.P. 126; **Hogg Construction Inc. v. Yorktowne Medical Centre, L.P.**, 78 A.3d 1152, 1158 (Pa. Super. 2013) (concluding that where there is no argument that a party's rights have been negatively affected by a procedural error, it is error for trial court to elevate form over substance). Accordingly, we conclude that the court did not err or abuse its discretion in going forward with the name change hearing on September 7, 2012.

Mother next avers that "there was no bases [*sic*] for the entry of the order changing the name of the child to the surname of the father," and the trial court relied solely on "patrilineal naming" reasons for granting the petition and not on the best interests of Child. Appellant's Brief at 12. This contention has no merit.

The parent seeking to change the name of a child bears the burden of establishing that the change would be in the best interest of that child. **See Grimes**, 609 A.2d at 160–61. Each case is determined based on its own unique facts and circumstances. **See id**. at 161. However, "general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the

community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name." *Id*.[5]

Here, both Mother and Father, in addition to several other witnesses, testified regarding Father's close bond with Child.[6] In its Order granting the petition, the court first and foremost stated that there was no disagreement as to Father's paternity of *and bond with* Child. *See* Order, entered 10/30/12, at ¶ 1. The court also noted in its Order that the surnames of Child's siblings are relevant "but not compelling." *Id*. at ¶ 4. There was no testimony presented regarding any social stigma in Father's name or regarding his name's reputation in the community. The trial court acknowledged in its Pa.R.A.P. 1925(a) opinion that Father had testified to having a desire to have Child carry on his family name. Contrary to Mother's contention, however, there was nothing in the court's Order or its Rule 1925(a) opinion that indicates that it based its decision solely on a patrilineal naming tradition. Mother's argument is, thus, without merit.[7]

_____

[5] As the trial court observed, Child was not of sufficient age to understand the significance of the name change as he was only 22 months old at the time of the hearing on the petition.

[6] The court also noted that there had been testimony in the related custody proceedings that Mother had attempted to interfere with Father's relationship with Child. *See* Order, entered 10/30/12, at ¶ 2.

[7] Moreover, we observe that Mother's protest against patrilineal naming is somewhat disingenuous in light of the fact that she chose to name Child *not*
*(Footnote Continued Next Page)*

Lastly, Mother challenges the trial court's prompting and admission of her testimony about her then-pending divorce action against her estranged husband, averring that these "matters [w]ere irrelevant to the necessary requirements to grant a change of name." Appellant's Brief at 13.

We first note that an appellant must include in his or her brief a "statement of the case" including a "statement of place of raising or preservation of issues." Pa.R.A.P. 2117(c). This information must also be referenced in the argument portion of the appellate brief. Pa.R.A.P. 2119(e); **Phillips v. Lock**, 86 A.3d 906, 920 (Pa. Super. 2014). In this case, neither Mother's statement of the case nor the argument section of her brief contains a specific statement of place of raising or preservation of this issue, "including the specific evidentiary challenges contained therein." Pa.R.A.P. 2117(c); **Phillips**, 86 A.3d at 920. In addition,

> [i]t is axiomatic that in order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal, we will not consider assignments of error that were not brought to the tribunal's attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated. In this jurisdiction one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

with her own birth name, but with the patrilineal name of her estranged husband.

***State Farm Mut. Auto Ins. Co. v. Dill***, 2015 WL 150177, *2 (Pa. Super.,

filed Jan. 13, 2015) (internal quotation marks and citations omitted).

Our review of the record indicates that at no time before, during, or

after the hearing did Mother object to the admission of evidence pertaining

to her then-pending divorce.  Without having raised the issue below, Mother

waived this issue for appellate review.  ***See*** Pa.R.A.P. 302(a).

Even if the issue had not been waived, we would not grant relief.  It is

well-settled that the admission of evidence is within the trial court's

discretion.  ***See Klein v. Aronchik***, 85 A.3d 487, 491 (Pa. Super. 2014),

***appeal denied***, 104 A.3d 5 (Pa. 2014).  To constitute reversible error, the

complaining party must prove that the evidentiary ruling was not only be

harmful, but also prejudicial.  ***See id***.

In the instant case, the trial court observed in its Pa.R.A.P.

1925(a) opinion:

> [T]he fact that Mother had been before this [c]ourt in bitter divorce litigation with her estranged husband, Mr. H[.], including a Protection from Abuse Petition, is not only relevant, but contradictory to her decision to name her child with Father after Mr. H[.].
>
> Additionally, as demonstrated by the procedural and factual background included above, the parties, counsel and the [c]ourt all treated the Petition for Name Changes and the Custody Action not merely related, but as two parts of a whole.  … These actions were effectively consolidated by the actions of the parties and their counsel, and despite the inadvertence of the parties and/or the [c]ourt in allowing some documents affecting both separately-docketed actions to be filed with the Prothonotary in the record for only the Custody Action, the Mother cannot

colorably contend that these matters have not informed each other and that one is irrelevant to the other.

Trial Court Opinion entered 6/11/13 at 16-17 (internal footnoted citations omitted).

Mother does not argue that the evidence was harmful or prejudicial. Rather, she concludes—without any analysis—that the evidence was irrelevant. Her summary conclusion provides absolutely no reason to reverse the trial court's order. Thus, this issue is not only waived, but also would be without merit.

We conclude that the record adequately supports the trial court's reasons and factual basis for its decision to grant the name change petition. We observe that the court's judgment is not "manifestly unreasonable, arbitrary, or capricious," was not "motivated by partiality, prejudice, bias, or ill will," and was based on a proper application of the law. *Borah*, 756 A.2d at 1123. Accordingly, we conclude that the trial court did not abuse its discretion in granting Father's petition to change Child's name.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015

- 11 -