J-A04025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICIA PUJOLS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GOOD SHEPHERD REHABILITATION NETWORK | |
| Appellee | No. 3078 EDA 2015 |

Appeal from the Judgment Entered August 31, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02519 December Term, 2013

BEFORE: SHOGAN, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 16, 2017**

Appellant Patricia Pujols appeals from the judgment, following a bench trial, entered in favor of Appellee Good Shepherd Rehabilitation Network ("Good Shepherd") on her claims of retaliatory refusal to rehire and disability discrimination. We affirm.

Pujols filed suit against Good Shepherd in December 2013, raising a single count for "Retaliation, Refusal to Hire, Refusal to Re-Hire, Violation of Public Policy – **Shick v. Shirey**, 716 A.2d 1231 (Pa. 1998)." In October 2014, she amended her complaint to include a count for disability discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951.

_____

* Retired Senior Judge assigned to the Superior Court.

A non-jury trial was held on April 20 and 21, 2015. The evidence presented at trial was largely undisputed: Pujols had been employed as a Certified Nursing Assistant at Good Shepherd when she sustained a work-related injury. After several months of modified light-duty work, and several more months of disability leave, Pujols' employment was terminated.[1] Pujols received workers' compensation benefits both before and after her termination, for a period of two years, until her benefits were suspended following a proceeding before a workers' compensation judge, who found that she was fit to return to work. Pujols simultaneously appealed that ruling,[2] arguing that she was still too injured to work, and re-applied for work at Good Shepherd in her former position. Good Shepherd requested that Pujols submit a new medical clearance demonstrating that she was able to perform the job duties without restriction; Pujols did not provide one, and was not rehired.

In support of her first count, Pujols argued to the trial court that Good Shepherd did not rehire her out of retaliation for her appeal of her workers' compensation claim; on her second count, she argued that Good Shepherd discriminated against her on the basis of a perceived disability when it failed

_____

[1] Pujols did not and does not contest the termination of her employment at that time.

[2] Pujols eventually lost her appeal of her workers' compensation claim. *See* ***Pujols v. W.C.A.B. (Good Shepherd Rehab Hosp.)***, No. 2278 C.D. 2014, 2015 WL 5457406 (Pa. Cmwlth., July 16, 2015).

to rehire her. At no point during trial did Pujols make a motion for a directed verdict. Following trial, the court entered findings of fact and conclusions of law, and rendered a verdict in favor of Good Shepherd.

Pujols filed a motion for post-trial relief in which she sought judgment notwithstanding the verdict ("JNOV") or, alternatively, a new trial.[3] Her motion was denied by operation of law, and final judgment was entered in favor of Good Shepherd on August 31, 2015.

Pujols filed a timely appeal in which she presents the following issues for our review:

> 1. Does an employer violate the public policy set forth in ***Shick v. Shirey***, 716 A.2d 1231 (Pa. 1998) by refusing continued employment and/or to rehire a worker because she exercised her rights under the Workers' Compensation Act?
>
> 2. In a retaliatory discharge claim, does a trial court abuse its discretion by entering judgment in favor of an employer that refuses to rehire an employee who has exercised her rights and whose benefits have been terminated under the Workers' Compensation Act?
>
> 3. In a disability discrimination claim, does a trial court abuse its discretion by entering judgment in favor of an employer that:
>
> • inquired about an applicant's disability, contrary to 29 C.F.R. 1630.13, which makes it unlawful for a covered entity to make inquiries as to whether an applicant is an individual with a disability or as to the nature or severity of such disability;
>
> • considered and relied upon applicant's workers' compensation history during the pre-offer stage of employment;

---

[3] Good Shepherd filed no response to Pujols' post-verdict motion.

- believed the applicant was disabled, but failed to identify any legitimate non-discriminatory reason for refusing to hire the applicant; and,

- refused to consider applicant for hire, based on her perceived disability, with or without reasonable accommodation?

Pujols' Brief at 4-5. More broadly, Pujols argues that the trial court abused its discretion by not granting Pujols' post-trial motion for judgment notwithstanding the verdict. **See** Pujols' Brief at 3. Pujols does not raise on appeal a claim that the verdict was against the weight of the evidence, and does not request a new trial.[4]

Good Shepherd argues that Pujols waived her right to request judgment notwithstanding the verdict by failing to move for a directed verdict during trial. Good Shepherd's Brief at 23-27. The trial court did not address waiver in its 1925(a) opinion, and it reviewed the merits of Pujols' issues. We nevertheless agree with Good Shepherd that Pujols waived her right to relief.

"Post-trial relief may not be granted unless the grounds therefore, if available, were raised by an appropriate method at trial." **Phillips v. Lock**, 86 A.3d 906, 918 (Pa. Super. 2014) (citing Pa.R.C.P. 227.1(b)(1)). "[T]o preserve the right to request a JNOV post-trial, a litigant must first request a binding charge to the jury or move for a directed verdict or a compulsory

---

[4] We note that, contrary to the request made in Pujols' post-trial motion, a new trial is the sole remedy where the verdict is alleged to be against the weight of the evidence. **See Lanning v. West**, 803 A.2d 753, 766 (Pa. Super. 2002).

non-suit at trial." ***Youst v. Keck's Food Serv., Inc.***, 94 A.3d 1057, 1071 (Pa. Super. 2014) (brackets omitted). A motion for a directed verdict is appropriate even in non-jury cases. ***See Nikole, Inc. v. Klinger***, 603 A.2d 587, 593 (Pa. Super. 1992), ***appeal denied***, 603 A.2d 587 (Pa. 1993).

Here, Pujols made no motion to the trial court for a directed verdict. She therefore failed to preserve her right to seek judgment notwithstanding the verdict, and we are unable to review the trial court's denial of that request. ***Youst***, 94 A.3d at 1071.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2017

- 5 -